Petition for Writ of Habeas Corpus Granted and Memorandum Opinion filed
November 28, 2006








Petition
for Writ of Habeas Corpus Granted and Memorandum Opinion filed November 28, 2006.




 
 
 
  
 
 
 




 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00946-CV

____________

 

IN RE SARAH ROXANA WILLIAMS, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF HABEAS
CORPUS

 



 

M E M O R
A N D U M   O P I N I O N

Relator
Sarah Roxana Williams challenges the trial court=s incarceration of her for a period
of 180 days pursuant to an October 12, 2006 order of commitment, which was
based on the trial court=s April 25, 2006 hearing, a May 9, 2006 order, a May 10, 2006
motion for contempt, a June 8, 2006 contempt judgment, an August 11, 2006
temporary order, and a September 28, 2006 Acompliance@ order.  Among other things, relator
claims that her incarceration was illegal because the contempt judgment was
void.  Because we agree with relator that the court=s judgment and the orders entered
pursuant to that judgment were void, we do not address relators= various other claims about the
infirmities of the proceedings below.  We grant the writ of habeas corpus.








An
original habeas corpus proceeding is a collateral attack on a contempt
judgment.  Ex parte Rohleder, 424 S.W.2d 891, 892 (Tex. 1967);  In re
Broussard, 112 S.W.3d 827, 831 (Tex. App.CHouston [14th Dist.] 2003, orig.
proceeding).  The purpose of a writ of habeas corpus is not to determine the
guilt or innocence of the contemnor, but only to determine whether she was
afforded due process of law or whether the order of contempt is void.  Ex
parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979).  A court will issue a writ
of habeas corpus if the order underlying the contempt is void, Ex parte
Shaffer, 649 S.W.2d 300, 302 (Tex. 1983), or if the contempt order itself
is void.  Gordon, 584 S.W.2d at 688.  An order is void if it is beyond
the power of the court, or if it deprives the relator of liberty without due
process of law.  In re Henry, 154 S.W.3d 594, 596 (Tex.2005); In re
Broussard, 112 S.W.3d at 831.  On review, we do not weigh the proof and
determine whether it preponderates for or against the relator; we determine
only whether the contempt judgment is void. Ex parte Chambers, 898
S.W.2d 257, 259‑60 (Tex.1995). 

The
contempt judgment in this case is void.  This matter came before the court on
the parents= motion to modify their divorce decree.  Apparently, after an April
hearing involving only relator=s parents, the court entered an order on May 9, 2006, which
included several directives to relator, along with several Ainjunctions@ requiring her to refrain from
certain activities.  Among these, the court ostensibly required relator to (1) Atimely attend each and every
scheduled class at school;@ (2) Aobtain the signature of the teacher for every scheduled class
at school;@ (3) Ato remain on school campus premises during regularly scheduled classes;@ (4) to refrain from  associating
with particular individuals; (5) Ato seek, apply for, and obtain summer
employment@; and (6) to Afile with the Court a written report . . .advising the court
of the details, terms and conditions of the summer employment.@  








Although
relator was then the minor child of the parties to the proceedings, she was not
present at the hearing in which the court entered these orders and
injunctions.  In addition, she was not represented by counsel at the time of
these proceedings.  It is not clear when or whether relator was ever informed
of this order.  Relator did not receive a copy of this order until she was
served with the motion for contempt filed by the court itself on May 11, 2006,
two days after the order was entered.  Relator states that no one ever
explained to her what the court required concerning her conduct.  Indeed, even
the motion for contempt, filed the day after the order was entered, fails to
explain exactly what relator did to violate the court=s orders or when those orders were
allegedly violated, stating instead only that the court Ahas been informed on good authority@ that relator had violated Aone or more@ of them.

The
infirmities in this case are numerous, though without further discussion, the
lack of notice to relator establishes that the court=s contempt judgment is void.  Relator
was a minor and was not before the court.  On the record before us there is no
indication that relator had either notice of the court=s order or of what that order
required.  The motion for contempt and show cause orders failed to apprise
relator of exactly what the court believed she had done to warrant punishment. 
ADue process of law demands that
before a Court can punish for a contempt not committed in its presence, the
accused must have full and complete notification of the subject matter, and the
show cause order or other means of notification must state when, how, and by
what means the defendant has been guilty of the alleged contempt.@ Ex parte Edgerly, 441 S.W.2d
514, 516 (Tex.1969).  A constructive contemnor must be given complete
notification and a reasonable opportunity to meet the charges by way of defense
or explanation.  Gordon, 584 S.W.2d at 688.  Among the due process
rights accorded an alleged contemnor is the Aright to reasonable notice of each
alleged contumacious act.@  Ex parte Brister, 801 S.W.2d 833, 835 (Tex.1990)
(Cook, J., concurring).  Without that notice, the contempt judgment is void.  Gordon,
584 S.W.2d at 688.  Consequently, we hold that relator was improperly
incarcerated.

The
content of the court=s order suggests that the court was frustrated with the
parties= minor child and sought to correct
her behavior.  We are aware of no legal basis for the court=s action, however, and we find that
it was not proper.  We therefore conclude that the trial court=s contempt judgment is void, and we
order relator, Sarah Roxana Williams, discharged and the bond returned.








 

PER
CURIAM

Memorandum Opinion filed November 28, 2006.

Panel consists of Chief Justice Hedges and Justices
Hudson and Seymore.