### In re Kristin PARKS, Relator.

### No. 01–07–00469–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 14, 2007.

App.-Houston [1st Dist.] 2004, no pet.).

J. Brantley Durrett III and Robert L. Lewis, Houston, TX, for Relator.

Walter P. Mahoney Jr., The Mahoney Law Firm, Pasadena, TX, for Real Party In Interest.

Panel consists of Justices TAFT, HANKS and BLAND.

## OPINION

JANE BLAND, Justice.

Relator, Kristin Parks, requests habeas corpus relief, asserting in three issues that she is illegally restrained. We requested a response from Lawrence James Clark, the real party in interest, but none was filed. Upon initial review of Parks's petition, we concluded that Parks demonstrated probable grounds for relief and released her from confinement on bail during the pendency of this original proceeding. We grant the requested relief.

## Factual Background

In December 1997, Parks and Clark were divorced. In the divorce decree they agreed to become joint managing conservators of their only child, a daughter. In March 2007, Clark filed a motion for enforcement of the decree by contempt and alleged, among other things, that on twelve separate occasions Parks had denied his rightful access to the child. In May 2007, after hearing testimony from both Parks and Clark, the trial court found Parks had violated the decree on at least five separate occasions by failing to allow Clark or his adult designee (Clark's present wife) to have custody of their daughter for his scheduled period of possession. The court held Parks in contempt of the decree and, as punishment, immediately sentenced her to 180 days incarceration for each of the five violations, to run concurrently.[1] Important to Parks's habeas request, the trial court further ordered that Clark have possession of his daughter "until further order of this court."

## Standard of Review

A habeas corpus petition is a collateral attack on a judgment, the purpose of which is not to determine the final guilt or innocence of the relator but to ascertain whether the relator has been confined unlawfully. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex.1979). The presumption is

---

1. The trial court struck language in its commitment order that would have given the sheriff the authority to award "good time" credit to the relator. It is not clear to us what the trial court meant by this. A trial court may exempt a contemnor from credit for "good time" during coercive confinement. *Ex parte Acly*, 711 S.W.2d 627, 628 (Tex.1986) (recognizing that good time credit does not apply to coercive civil contempt orders). However, we note that a trial court has no authority to limit the operation of the good behavior credit when committing a relator to confinement as *punishment* for contempt. *Ex parte Roosth*, 881 S.W.2d 300, 301 (Tex.1994). *See Kopeski v. Martin*, 629 S.W.2d 743, 745 (Tex.Crim.App.1982).

that the order is valid. *In re Turner*, 177 S.W.3d 284, 288 (Tex.App.-Houston [1st Dist.] 2005, orig. proceeding) (citing *Ex parte Occhipenti*, 796 S.W.2d 805, 809 (Tex.App.-Houston [1st Dist.] 1990, orig. proceeding)). We issue a writ of habeas corpus if a trial court's contempt order is beyond the court's power or the court did not afford the relator due process of law. *Turner*, 177 S.W.3d at 288 (citing *In re Henry*, 154 S.W.3d 594, 596 (Tex.2005)). The relator bears the burden of showing that she is entitled to relief. *Turner*, 177 S.W.3d at 288 (citing *Occhipenti*, 796 S.W.2d at 808–09).

## I. Insufficient Notice of Modification of the Custody Arrangement

 Parks contends that, in Clark's motion for contempt, he sought only make-up sessions for the periods of possession that he missed when Parks failed to relinquish custody of their daughter, the relief prescribed by the Texas Family Code. TEX. FAM.CODE ANN. § 157.168(a)(1) (Vernon 2002). Clark did not seek modification of the custody arrangement, nor did he request sole possession of his daughter. Thus, Park contends the court overstepped its authority by granting Clark sole custody "until further order of this Court" because Parks did not have notice that the court might modify the custody arrangement set forth in the divorce decree beyond the make-up time requested by Clark. Parks contends that without proper notice, the court's order of contempt is invalid. We agree.

 "Due process of law demands that before a court can punish for a contempt not committed in its presence, the accused must have full and complete notification of the subject matter, and the show cause order or other means of notification must state when, how, and by what means the defendant has been guilty of the alleged contempt." *Ex parte Edgerly*, 441 S.W.2d 514, 516 (Tex.1969). A constructive contemnor must be given complete notification and a reasonable opportunity to meet the charges by way of defense or explanation. *Gordon*, 584 S.W.2d at 688. A contempt judgment rendered without proper notification is a nullity. *Id.* (citing *Ex parte Ratliff*, 117 Tex. 325, 327–28, 3 S.W.2d 406, 407 (1928)). Proper notification includes notification, from the pleadings, of the relief that the court may grant. *See Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812–13 (Tex.1983); *Barnett v. Barnett*, 640 S.W.2d 776, 777 (Tex.App.-Houston [1st Dist] 1982, no writ).

 A habeas proceeding is a collateral attack on the validity of the petitioner's confinement. *Gordon*, 584 S.W.2d at 688. In such a proceeding, a court of appeals has jurisdiction to review a matter to the extent that it modifies or reforms previous orders of the trial court without proper pleadings and evidence. *In re A.M.*, 974 S.W.2d 857, 861–62 (Tex.App.-San Antonio 1998, no writ); *Martin v. Martin*, 519 S.W.2d 900, 902 (Tex.Civ. App.-Houston [1st Dist.] 1975, no writ); *Seber v. Glass*, 258 S.W.2d 122, 124 (Tex. Civ.App.-Fort Worth 1953, no writ). Without proper pleadings and evidence a trial court exceeds its authority if it modifies or reforms previous orders affecting the custody of a child. *A.M.*, 974 S.W.2d at 861; *Ex parte Karr*, 663 S.W.2d 534, 539 (Tex.App.-Amarillo 1983, orig. proceeding); *Martin*, 519 S.W.2d at 902. When a court's judgment exceeds its authority, a court may issue a writ of habeas corpus. *Turner*, 177 S.W.3d at 288.

In this case, the trial court's order for commitment, in relevant part, states:

It is further ORDERED that Respondent shall allow Movant additional periods of possession of or access to a child

to compensate for the denial of court-ordered possession or access as follow:

> It is Ordered that Lawrence James Clark shall have possession of Lauren Marie Parks–Clark beginning immediately, until further order of this Court. Review hearing is set for August 16, 2007 at 9:00 a.m.

 The trial court erred in granting Clark open-ended possession of the couple's child beyond the period of Parks's confinement. Nothing precludes a trial court from making arrangements for custody while one parent is confined as punishment for contempt. "[T]he power to punish for contempt is an essential element of judicial independence and authority that enables courts to persuade parties to obey an order of the court so that the order will not be rendered ineffectual by recalcitrant litigants." *In re Office of the Attorney Gen.*, 215 S.W.3d 913, 915 (Tex. App.-Fort Worth 2007). When a court sentences one parent to confinement for an extended period, then it may be in the best interest of the child for the other parent to have sole possession of the child during confinement. Granting possession to Clark, "until further order of this Court," however, removed Parks as the primary conservator of the child for the period of her confinement and beyond. This was outside the scope of the court's authority at a contempt proceeding, when the pleadings neither requested, nor even mentioned a potential modification of the parties' agreed custody arrangement. *See A.M.*, 974 S.W.2d at 861; *Karr*, 663 S.W.2d at 539; *Martin*, 519 S.W.2d at 902; *Seber*, 258 S.W.2d at 124.

We conclude that the trial court failed to afford Parks sufficient due process of law when it granted open-ended possession of the child to Clark.

**Conclusion**

In modifying the custody arrangement in the divorce decree without prior notice, and without limiting such a modification to make-up time or to time necessary due to the exigencies of incarceration, the trial court exceeded its contempt authority. We issue a writ of habeas corpus if a trial court's contempt order is beyond the court's power or the court did not afford the relator due process of law. *Turner*, 177 S.W.3d at 288 (citing *Henry*, 154 S.W.3d at 596). We therefore grant Parks's request for habeas corpus relief and order her to be unconditionally discharged from restraint by the Sheriff of Harris County.