**Opinion filed November 30, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00278-CV
_____

## IN RE SHAWNA FLOREY A/K/A SHAWNA STRINGER

## Original Mandamus Proceeding

### O P I N I O N

Shawna Florey a/k/a Shawna Stringer filed a petition for writ of mandamus complaining of the trial court's order modifying the conservatorship of her son, J.N.F. Because that order was a final order and, therefore, was appealable, we lack jurisdiction and deny the petition.

Stringer and Joe Neal Florey were divorced in 2004. They had one child, J.N.F. The trial court appointed them joint managing conservators and gave Stringer the right to designate J.N.F.'s primary residence. In 2009, Florey asked the trial court to decrease his child support payment. Stringer responded with a motion to revoke suspension of commitment and for issuance of capias, alleging that Florey had failed to make several child support and arrearage judgment payments.

The trial court held a hearing on both motions. During her testimony, Stringer revealed that she was living with a man to whom she was not married. This was in direct violation of a prior order. The trial court orally ordered her to either marry her partner or to make him leave the house within two weeks. The trial court told Stringer that, if she failed to do so, Florey would probably be given primary custody of J.N.F. Stringer advised the court that they had

every intention of getting married. Stringer and her partner did get married, but she failed to timely provide the trial court with a copy of her marriage certificate. Florey filed a motion for enforcement that, in part, asked the trial court to hold Stringer in contempt. Florey did not ask the trial court to modify the custody order by giving him the right to designate J.N.F.'s residence.

The trial court held a hearing on Florey's motion on March 1, 2010. Florey testified that he no longer wanted Stringer incarcerated, but he did want the trial court to modify the custody order by giving him the right to designate J.N.F.'s residence. At the conclusion of the hearing, the trial court noted that it could not hold Stringer in contempt for failing to timely provide a copy of her marriage certificate because that order had not been reduced to writing. The trial court did, however, modify J.N.F.'s conservatorship by giving Florey primary custody. Two days after the hearing, Florey filed a motion for leave to file a trial amendment. Florey's amended motion for enforcement included his requested custody modification. The trial court granted that motion on March 12. The trial court's custody ruling was reduced to writing and was signed by the court on May 27. Stringer filed her petition for writ of mandamus with this court on October 5.

To obtain mandamus relief, Stringer must show that the trial court committed a clear abuse of discretion or violated a duty imposed by law and that she does not have an adequate appellate remedy. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). When the ruling complained of is a final judgment, the aggrieved party will ordinarily have an adequate appellate remedy. *See Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding) (extraordinary writs issue only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies).

Stringer argues that we have jurisdiction because contempt orders that do not involve confinement may be reviewed only through mandamus. *See In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding). The trial court, however, did not find her in contempt. In fact, the court specifically denied Florey's motion for contempt. Moreover, Stringer's complaints do not challenge any contempt ruling but are a collateral attack on the trial court's decision to name Florey the primary conservator. Stringer argues in her first issue that, because there were no pleadings on file requesting a change in J.N.F.'s conservatorship, the trial court exceeded its authority when it did so. Stringer argues in her second issue that the trial court abused its

2

discretion by granting Florey's request for leave to file a trial amendment. Both contentions could have been raised in a direct appeal.

Stringer also contends that mandamus is appropriate because the trial court's order is void. In *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973) (orig. proceeding), the court held that void or invalid judgments rendered without jurisdiction could be challenged by mandamus even though an available appellate remedy was not pursued. In *Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding), the court noted that it had not addressed whether the *Dikeman* rule survived *Walker* but, because of the unique and compelling circumstances of that case, determined that it was unnecessary to do so. The court was faced with two competing child custody proceedings. One was filed in Minnesota and the second in Texas. The court concluded that, because the Minnesota proceeding was initiated first, the Texas court lacked jurisdiction. *Id*. at 604. More recently, in *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding), the court held that mandamus was appropriate when a trial court set aside a venue transfer order after its plenary power had expired because that action was void.

It appears, therefore, that we have jurisdiction to review a void order by mandamus. But there is a distinction between a void order and a voidable order. A void order is one entered by a trial court that lacks jurisdiction over the parties or the subject matter, or is an order entered outside the trial court's capacity as a court. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990). Voidable orders result from errors other than lack of jurisdiction, such as an action contrary to a statute or statutory equivalent. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003).

Stringer contends that the trial court's order is void because the court was without authority to enter it. Stringer reasons that Florey was required to file a petition requesting a modification of J.N.F.'s conservatorship; that she was entitled to notice of the petition by service of citation; and that, if the request for modification was joined with a motion for enforcement, the hearing could not be held until the Monday next following twenty days after service of process. Because these procedural steps were not followed, Stringer concludes that the trial court acted beyond its authority. She relies upon *In re Parks*, 264 S.W.3d 59 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding), for the proposition that we have the authority to review the trial court's order by mandamus.

*Parks*, however, was a contempt proceeding. The parties were joint managing conservators of their daughter. The relator's husband filed a motion for contempt alleging that

she had denied him his rightful access to their daughter. The relator was found in contempt of court and was sentenced to 180 days incarceration. The trial court also gave the relator's ex-husband possession of their child until further court order. *Id.* at 61. The Houston Court noted that it had jurisdiction because the relator was challenging a contempt finding and, therefore, that it also had jurisdiction to review the trial court's order "to the extent that it modifies or reforms previous orders of the trial court without proper pleadings and evidence." *Id.* at 62. The Houston Court found that the trial court had the authority to alter the child's custody while the relator was incarcerated but that it did not have the authority to make a broader custody modification absent proper pleadings. *Id.* at 63.

We agree with the holding in *Parks*, but that decision does not lead to the conclusion that we have jurisdiction to consider Stringer's issues by mandamus. The Houston Court's jurisdiction to review the procedural challenges to the trial court's custody order flowed from its initial jurisdiction to review the trial court's contempt order. Because Stringer was not held in contempt, we lack that initial grant of jurisdiction. This case is more akin to *Reiss*, 118 S.W.3d 439. In *Reiss*, the parties were divorced several years previous. The divorce decree incorrectly awarded the wife one-half of her husband's retirement benefits, including those accruing after the divorce. In a subsequent enforcement action, the husband contended that the decree was void because the trial court lacked jurisdiction to divest him of his separate property. The Supreme Court disagreed, noting that the trial court had jurisdiction to characterize community property. The fact that it did so incorrectly merely made the decree voidable. *Id.* The trial court had jurisdiction over the parties and the jurisdiction to modify its prior custody order. If the trial court failed to follow the Family Code when it did so, that makes the order voidable not void.

The Houston Court's decision in *Parks* and our own today are both consistent with Texas's public policy of promoting the speedy resolution of child custody and support issues. *See In re T.M.*, 33 S.W.3d 341, 346 (Tex. App.—Amarillo 2000, no pet.) (because children need permanence and stability in their lives, justice demands a speedy resolution of child custody and support issues). Because the Houston Court had jurisdiction to review the contempt finding, it was more efficient for them to also review the broader procedural challenges to the trial court's order in the habeas proceeding than if they had deferred those issues to a subsequent direct appeal. In this case, a direct appeal would have been more efficient. The trial court's order was entered on May 27. A notice of appeal was due thirty days later, or June 28. TEX. R. APP. P.

4

26.1. Stringer's petition for writ of mandamus was not filed until October 5, over three months later. Mandamus is not a vehicle for extending appellate deadlines, and its use for that purpose in a child custody suit is counter to Texas public policy.

The trial court's order was a final order because it disposed of all pending claims. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). We lack jurisdiction to consider a collateral attack on that judgment. Stringer's petition is, therefore, denied.


RICK STRANGE

JUSTICE


November 30, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.