Opinion filed November 30,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00278-CV

                                                    __________

 

              IN RE SHAWNA
FLOREY A/K/A SHAWNA STRINGER



 

                                    Original
Mandamus Proceeding

 



O
P I N I O N

Shawna
Florey a/k/a Shawna Stringer filed a petition for writ of mandamus complaining
of the trial court’s order modifying the conservatorship of her son, J.N.F. 
Because that order was a final order and, therefore, was appealable, we lack
jurisdiction and deny the petition.

Stringer
and Joe Neal Florey were divorced in 2004.  They had one child, J.N.F.  The
trial court appointed them joint managing conservators and gave Stringer the
right to designate J.N.F.’s primary residence.  In 2009, Florey asked the trial
court to decrease his child support payment.  Stringer responded with a motion
to revoke suspension of commitment and for issuance of capias, alleging that
Florey had failed to make several child support and arrearage judgment
payments.

The
trial court held a hearing on both motions.  During her testimony, Stringer revealed
that she was living with a man to whom she was not married.  This was in direct
violation of a prior order.  The trial court orally ordered her to either marry
her partner or to make him leave the house within two weeks.  The trial court
told Stringer that, if she failed to do so, Florey would probably be given
primary custody of J.N.F.  Stringer advised the court that they had every
intention of getting married.  Stringer and her partner did get married, but
she failed to timely provide the trial court with a copy of her marriage
certificate.  Florey filed a motion for enforcement that, in part, asked the
trial court to hold Stringer in contempt.  Florey did not ask the trial court to
modify the custody order by giving him the right to designate J.N.F.’s
residence.

The
trial court held a hearing on Florey’s motion on March 1, 2010.  Florey
testified that he no longer wanted Stringer incarcerated, but he did want the
trial court to modify the custody order by giving him the right to designate
J.N.F.’s residence.  At the conclusion of the hearing, the trial court noted
that it could not hold Stringer in contempt for failing to timely provide a
copy of her marriage certificate because that order had not been reduced to
writing.  The trial court did, however, modify J.N.F.’s conservatorship by
giving Florey primary custody.  Two days after the hearing, Florey filed a
motion for leave to file a trial amendment.  Florey’s amended motion for
enforcement included his requested custody modification.  The trial court
granted that motion on March 12.  The trial court’s custody ruling was reduced
to writing and was signed by the court on May 27.  Stringer filed her petition
for writ of mandamus with this court on October 5. 

To
obtain mandamus relief, Stringer must show that the trial court committed a
clear abuse of discretion or violated a duty imposed by law and that she does
not have an adequate appellate remedy.  Walker v. Packer, 827 S.W.2d
833, 839-40 (Tex. 1992) (orig. proceeding).  When the ruling complained of is a
final judgment, the aggrieved party will ordinarily have an adequate appellate
remedy.  See Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684
(Tex. 1989) (orig. proceeding) (extraordinary writs issue only in situations
involving manifest and urgent necessity and not for grievances that may be
addressed by other remedies).

Stringer
argues that we have jurisdiction because contempt orders that do not involve
confinement may be reviewed only through mandamus.  See In re Long, 984
S.W.2d 623, 625 (Tex. 1999) (orig. proceeding).  The trial court, however, did
not find her in contempt.  In fact, the court specifically denied Florey’s
motion for contempt.  Moreover, Stringer’s complaints do not challenge any
contempt ruling but are a collateral attack on the trial court’s decision to
name  Florey the primary conservator.  Stringer argues in her first issue that,
because there were no pleadings on file requesting a change in J.N.F.’s
conservatorship, the trial court exceeded its authority when it did so. 
Stringer argues in her second issue that the trial court abused its discretion
by granting Florey’s request for leave to file a trial amendment.  Both
contentions could have been raised in a direct appeal.  

Stringer
also contends that mandamus is appropriate because the trial court’s order is
void.  In Dikeman v. Snell, 490 S.W.2d 183, 186 (Tex. 1973) (orig.
proceeding), the court held that void or invalid judgments rendered without
jurisdiction could be challenged by mandamus even though an available appellate
remedy was not pursued.  In Geary v. Peavy, 878 S.W.2d 602, 603 (Tex.
1994) (orig. proceeding), the court noted that it had not addressed whether the
Dikeman rule survived Walker but, because of the unique and
compelling circumstances of that case, determined that it was unnecessary to do
so.  The court was faced with two competing child custody proceedings.  One was
filed in Minnesota and the second in Texas.  The court concluded that, because
the Minnesota proceeding was initiated first, the Texas court lacked
jurisdiction.  Id. at 604.  More recently, in In re Sw. Bell Tel. Co.,
35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding), the court held that mandamus
was appropriate when a trial court set aside a venue transfer order after its
plenary power had expired because that action was void.  

It
appears, therefore, that we have jurisdiction to review a void order by
mandamus.  But there is a distinction between a void order and a voidable
order.  A void order is one entered by a trial court that lacks jurisdiction
over the parties or the subject matter, or is an order entered outside the
trial court’s capacity as a court.  Mapco, Inc. v. Forrest, 795 S.W.2d 700,
703 (Tex. 1990).  Voidable orders result from errors other than lack of
jurisdiction, such as an action contrary to a statute or statutory equivalent. 
Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003).  

Stringer
contends that the trial court’s order is void because the court was without
authority to enter it.  Stringer reasons that Florey was required to file a
petition requesting a modification of J.N.F.’s conservatorship; that she was
entitled to notice of the petition by service of citation; and that, if the
request for modification was joined with a motion for enforcement, the hearing
could not be held until the Monday next following twenty days after service of
process.  Because these procedural steps were not followed, Stringer concludes
that the trial court acted beyond its authority.  She relies upon In re
Parks, 264 S.W.3d 59 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding),
for the proposition that we have the authority to review the trial court’s
order by mandamus.

Parks,
however, was a contempt proceeding. The parties were joint managing
conservators of their daughter.  The relator’s husband filed a motion for
contempt alleging that she had denied him his rightful access to their
daughter.  The relator was found in contempt of court and was sentenced to 180
days incarceration.  The trial court also gave the relator’s ex-husband possession
of their child until further court order.  Id. at 61.  The Houston Court
noted that it had jurisdiction because the relator was challenging a contempt
finding and, therefore, that it also had jurisdiction to review the trial
court’s order “to the extent that it modifies or reforms previous orders of the
trial court without proper pleadings and evidence.”  Id. at 62.  The Houston
Court found that the trial court had the authority to alter the child’s custody
while the relator was incarcerated but that it did not have the authority to
make a broader custody modification absent proper pleadings.  Id. at 63.

We
agree with the holding in Parks, but that decision does not lead to the
conclusion that we have jurisdiction to consider Stringer’s issues by mandamus.
The Houston Court’s jurisdiction to review the procedural challenges to the
trial court’s custody order flowed from its initial jurisdiction to review the
trial court’s contempt order.  Because Stringer was not held in contempt, we
lack that initial grant of jurisdiction.  This case is more akin to Reiss,
118 S.W.3d 439.  In Reiss, the parties were divorced several years
previous.  The divorce decree incorrectly awarded the wife one-half of her
husband’s retirement benefits, including those accruing after the divorce.  In
a subsequent enforcement action, the husband contended that the decree was void
because the trial court lacked jurisdiction to divest him of his separate
property.  The Supreme Court disagreed, noting that the trial court had
jurisdiction to characterize community property.  The fact that it did so
incorrectly merely made the decree voidable.  Id.  The trial court had
jurisdiction over the parties and the jurisdiction to modify its prior custody
order.  If the trial court failed to follow the Family Code when it did so,
that makes the order voidable not void. 

The
Houston Court’s decision in Parks and our own today are both consistent
with Texas’s public policy of promoting the speedy resolution of child custody
and support issues.  See In re T.M., 33 S.W.3d 341, 346 (Tex.
App.—Amarillo 2000, no pet.) (because children need permanence and stability in
their lives, justice demands a speedy resolution of child custody and support
issues).  Because the Houston Court had jurisdiction to review the contempt
finding, it was more efficient for them to also review the broader procedural
challenges to the trial court’s order in the habeas proceeding than if they had
deferred those issues to a subsequent direct appeal.  In this case, a direct
appeal would have been more efficient.  The trial court’s order was entered on
May 27.  A notice of appeal was due thirty days later, or June 28.  Tex. R. App. P. 26.1.  Stringer’s
petition for writ of mandamus was not filed until October 5, over three months
later.  Mandamus is not a vehicle for extending appellate deadlines, and its
use for that purpose in a child custody suit is counter to Texas public policy.

The
trial court’s order was a final order because it disposed of all pending
claims.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001).  We
lack jurisdiction to consider a collateral attack on that judgment.  Stringer’s
petition is, therefore, denied.

                                                                              

            

RICK STRANGE

                                                                                    JUSTICE

 

November 30,
2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.