Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00541-CV

## IN THE INTEREST OF M.B.B-Y.

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 98-CI-16712
Honorable Janet P. Littlejohn, Judge Presiding[1]

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  April 6, 2011

REVERSED AND REMANDED

Bassam Bani-Yassin appeals the trial court's order modifying prior orders governing Bassam's visitation with his daughter, M.B.B-Y. Although Bassam lists two separate points of error in his brief, the crux of his complaint is that the trial court's order was not supported by proper pleadings. Because we conclude that the trial court erred in granting a modification that was not supported by proper pleadings, we reverse the trial court's order and remand the cause to the trial court for further proceedings.

---

[1] The Honorable Antonia Arteaga presided over the hearing and rendered the ruling contained in the order being appealed. The Honorable Janet P. Littlejohn ministerially signed the order.

**BACKGROUND**

Bassam and Catherine Sue Bani-Yassin were divorced in 2001. The divorce decree contained provisions governing Bassam's visitation with M.B.B-Y. The trial court subsequently signed Extended Temporary Orders based on a hearing held on December 3, 2003. The Extended Temporary Orders contain provisions governing Bassam's visitation with M.B.B-Y. On July 8, 2004, the trial court signed Extended Temporary Orders Nunc Pro Tunc.

On April 26, 2005, Catherine filed a Second Motion to Modify Temporary Orders requesting a modification of the December 3, 2003 orders. The fiat shows the motion was set for a hearing on May 3, 2005. On May 13, 2005, Bassam filed a Motion to Modify Temporary Orders. The fiat shows the motion was set for a hearing on May 19, 2005.

On March 24, 2006, Catherine filed a Motion for Additional Temporary Orders. The fiat shows the motion was set for a hearing on March 31, 2006. On March 27, 2006, Bassam filed a Motion for Additional Temporary Orders. The fiat shows the motion was set for a hearing on March 31, 2006. The clerk's record also contains an Order to Appear directing Catherine to appear and respond to a Motion for Enforcement on March 31, 2006.

On May 13, 2010, Bassam filed a Motion for Enforcement and Order to Appear, seeking to enforce the prior orders governing his visitation with M.B.B-Y. The clerk's record contains an Order to Appear directing Catherine to appear and respond to a Motion for Enforcement on May 28, 2010. On June 17, 2010, the trial court signed an order which states that it was judicially rendered on May 28, 2010; however, the introductory paragraph of the order states that a hearing on Bassam's "Motion for Enforcement and Order to Appeal" was held on May 26, 2010. The order also states that Catherine "filed a responsive Motion with a prayer for general relief." A record of the hearing was waived by agreement of the parties with the consent of the

trial court.  The order states that two prior orders governed Bassam's visitation with M.B.B-Y., namely: (1) "The Decree of Divorce between the parties rendered on February 21, 2001;" and (2) "Extended Temporary Orders rendered on December 3, 2003."  The order contains the following finding: "The Court on it's [sic] own motion and pursuant to it's [sic] exclusive continuing jurisdiction finds that there has been a material and substantial change in the circumstances and conditions of the parties and the child such that prior orders herein should be modified and that such would be in the best interest of the child."  The order sets aside the prior orders governing access and visitation and restricts Bassam's visitation to one lunch or dinner with M.B.B-Y. per month subject to various conditions.

### DISCUSSION

"Texas is a 'fair notice' state, which means that all parties are entitled to fair notice of a claim."  *In re Russell*, 321 S.W.3d 846, 855 (Tex. App.—Fort Worth 2010, orig. proceeding [mand. denied]).  The Texas Family Code specifically requires parties to include in their pleadings a "statement describing what action the court is requested to take concerning the child and the statutory grounds on which the request is made."  TEX. FAM. CODE ANN. § 102.008(a)(10) (West 2008); *see also In re Russell*, 321 S.W.3d at 855.  Without proper pleadings and evidence, a trial court exceeds its authority if it modifies or reforms previous orders affecting the custody of a child.  *See In re Parks*, 264 S.W.3d 59, 62 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding); *In re A.M.*, 974 S.W.2d 857, 861-62 (Tex. App.—San Antonio 1998, no pet.); *Ex parte Karr*, 663 S.W.2d 534, 539 (Tex. App.—Amarillo 1983, orig. proceeding).

In her brief, Catherine argues that the pleadings filed in 2006 were pending before the court at the May 2010 hearing.  As previously noted, however, the fiats relating to those

pleadings show that a hearing was held on those pleadings on March 31, 2006. Moreover, the documents in the clerk's record pertaining to the May 2010 hearing support Bassam's contention that only his motion for enforcement was pending before the trial court. Catherine's argument also is contradicted by the language of the order itself which states that Catherine filed a "responsive Motion with a prayer for general relief." The clerk's record, however, contains no document responsive to Bassam's motion for enforcement. Catherine's argument is further contradicted by the language of the order stating that the court based the modification on "it's [sic] own motion and pursuant to it's [sic] exclusive continuing jurisdiction," not the 2006 pleadings. The trial court did not have the authority, however, to *sua sponte* modify the prior orders. Instead, any modification of the prior orders was required to be supported by proper pleadings. *See In re Parks*, 264 S.W.3d at 62; *In re A.M.*, 974 S.W.2d at 861-62; *Ex parte Karr*, 663 S.W.2d at 539; *see also In re S.A.A.*, 279 S.W.3d 853, 856 (Tex. App.—Dallas 2009, no pet.) (holding trial court abused its discretion in issuing order on *sua sponte* basis in family law matter). Finally, "trial by consent is a doctrine that is only intended to cover the exceptional case in which it clearly appears from the record as a whole that the parties tried the unpled issue." *In re A.B.H.*, 266 S.W.3d 596, 600 (Tex. App.—Fort Worth 2008, no pet.). "It is not intended to establish a general rule of practice and should be applied with care, and in no event in a doubtful situation." *Id.*; *see also In re A.M.*, 974 S.W.2d at 862-63 (refusing to apply trial-by-consent principles in reviewing order modifying custody). In this case, the hearing was never recorded, so no record exists to support an argument that the modification issue was tried by consent. Moreover, the order itself states the trial court based the modification "on it's [sic] own motion," not on trial by consent.

## CONCLUSION

Because the trial court's order was not supported by proper pleadings, the order is reversed, and the cause is remanded to the trial court for further proceedings.

Catherine Stone, Justice