# NO. 12-23-00172-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *CAROLINE MEADS BROOKSHIRE,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator, Caroline Meads Brookshire, filed this original proceeding in which she challenges Respondent's grant of an ex parte temporary restraining order.[1] We conditionally grant the writ.

## BACKGROUND

Relator and Real Party in Interest Trenton Brookshire (RPI) are the parties in the underlying case, a divorce action, filed on July 26, 2022. In November 2022, in his First Amended Original Counterpetition for Divorce With Additional Causes of Action for Invasion of Privacy and Defamation, RPI brought a cause of action for invasion of privacy, alleging that Relator was "surreptitiously recording him by audio and video" in the former marital residence. On February 23, 2023, RPI and a private investigator he hired, Benny McLemee, reported to the Tyler Police Department that they found an "audio/visual device" in the house, hidden behind a picture on the living room mantel. Police photographed and collected the device; however, as of March 1, the case was closed and no charges were brought. On May 10, RPI filed a motion for appointment of an expert to perform forensic analysis of Relator's cell phone. The court set a

---

[1] Respondent is the Honorable Sara Maynard, Judge of the County Court at Law No. 2 in Smith County, Texas. The Honorable Jason Ellis, Judge of the County Court at Law in Smith County, is the presiding judge over the underlying proceeding. However, because Judge Ellis was on vacation at the time, Respondent signed the complained-of order in his stead.

hearing on this motion and other outstanding issues for May 15. Because the parties purported to have resolved most issues and agreed to appoint the Honorable Cynthia Kent as a discovery master and mediator to resolve any remaining disputes, the May 15 hearing was canceled. However, several days later, RPI revoked his agreement to Judge Kent's appointment. Relator's counsel suggested another option for a special master, but RPI did not agree.

On June 28, RPI filed ex parte a document entitled "Second Amended Original Counterpetition for Divorce with Additional Cause of Action, And Verified Emergency Application for Ex-Parte Temporary Restraining Order and Expedited Discovery, And Application for Temporary and Permanent Injunction, Concerning Counterrespondent Caroline Meads Brookshire's Violations of Chapter 16 of the Texas Penal Code, Article 18A.502 of the Texas Code of Criminal Procedure, Chapter 123 of the Texas Civil Practice and Remedies Code, and Counterpetitioner Trenton Davis Brookshire's Right to Privacy" (hereafter the Motion for TRO). Despite its title, this document does not contain a verification. Neither Relator nor her counsel had any notice of this filing before it occurred. The Motion for TRO specifies in its certificate of conference that "[g]iven the urgency of the Emergency Application for Ex-Parte Temporary Restraining Order, it was not possible to hold a conference." Because the judge presiding over the case, the Honorable Jason Ellis, was on vacation, the Motion for TRO was referred to Respondent. The same afternoon, Relator's counsel e-mailed the court indicating that Relator would file an objection and request a hearing be set on this and all other pending motions. The court staff replied that Respondent already reviewed and signed the order (TRO), and "TRO's are typically heard in 14 days[.]"

The TRO appoints David Cowen, a non-attorney computer forensics professional employed by RPI, as a master in chancery and requires Relator to provide all cellular phones, computers, USB drives and other storage devices, and "other media" in her possession to Cowen within three days. Thereafter, the TRO indicates, Cowen will forensically inspect, evaluate, and provide a written report on the contents of these devices. Additionally, the TRO requires Relator to respond to written discovery within five calendar days and attend a deposition within the twelve days following its signing, given three days' notice from RPI. The TRO further grants RPI's motion for a letter rogatory directed to Wyze Labs, Inc., the company which provided the cameras the parties previously used in the former marital home.

On June 30, Relator filed a motion requesting that the trial court revoke and/or reconsider the TRO. Because Judge Ellis was still on vacation, the deadline for producing items to Cowen in compliance with the TRO was July 1, and Relator did not wish to violate the court's order, she also filed this petition for writ of mandamus with this Court. To date, the trial court has not ruled on Relator's motions regarding the TRO, but has scheduled a hearing on all outstanding motions for August 21, 2023. Additionally, this Court granted Relator's request for a stay of the TRO.

## AVAILABILITY OF MANDAMUS RELIEF

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Generally, a writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing these prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). Mandamus relief is also appropriate when a court issues a void order. *In re Mask*, 198 S.W.3d 231, 233–34 (Tex. App.—San Antonio 2006 (orig. proceeding). Further, when a trial court's order is void, mandamus relief is available regardless of whether a relator possesses an adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Florey*, 329 S.W.3d 854, 857 (Tex. App.—Eastland 2010, orig. proceeding). Because temporary restraining orders are not subject to appeal, these orders may generally be reviewed by mandamus. *In re Off. of Attorney Gen.*, 257 S.W.3d 695, 698 (Tex. 2008) (orig. proceeding). In contrast, the Texas Civil Practice and Remedies Code provides that a party may appeal from an interlocutory order of the trial court that grants a temporary injunction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West 2023).

## TEMPORARY RESTRAINING ORDER

Relator contends that Respondent erred in granting the ex parte TRO because it 1) appoints Cowen as master in chancery, 2) orders her to produce to Cowen privileged communications outside of the underlying matter, 3) lacked the good-cause factual basis required by law, and 4) orders expedited discovery. In making these contentions, Relator argues that the TRO fails to preserve the status quo.

3

Whether an order is a temporary restraining order or a temporary injunction "depends on the order's characteristics and function, not its title." *In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 206 (Tex. 2002). An order that impacts the parties beyond protecting the status quo for the allowable period under Rule 680 is functionally an appealable temporary injunction. *Sanchez v. Saghian*, No. 01-07-00951-CV, 2009 WL 3248266, at *3-4 (Tex. App.—Houston [1st Dist.] Oct. 8, 2009) (mem. op.); *In re Pierce*, No. 13-12-00125-CV, 2012 WL 3525638, at *3 (Tex. App.—Corpus Christi Aug. 10, 2012, orig. proceeding) (mem. op.); *see also Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 555 (Tex. 2016) (status quo is the last peaceable uncontested status between the parties).

In this case, the effects of the TRO issued by Respondent go beyond preserving the status quo for the fourteen-day period allowed by law. *See Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d at 206. Even presuming that the status quo in this case existed some time prior to November 2022, when RPI first complained of Relator's alleged wiretapping, the TRO does significantly more than restrain Relator from carrying out any further surveillance or disallow the destruction of specific evidence. Among other things, the TRO appoints a master in chancery, requires Relator to turn over her electronic devices to said master in chancery within three calendar days for his forensic examination, and orders Relator to respond to interrogatories and requests for production on an expedited basis. Although the TRO purports to set a temporary injunction hearing fourteen days later, the portions of the order of which Relator complains require her compliance well before that hearing date. The order carries permanent effects on which the hearing, as well as any later dissolution of the order, will have no impact, and therefore alters the status quo between the parties. *Pierce*, 2012 WL 3525638 at *3; *Sanchez*, 2009 WL 3248266, at *4. Consequently, we conclude that the TRO is tantamount to a temporary injunction in character and function, and subject to the procedural requirements thereof.[2]

The procedural requirements for temporary injunctions (including the requirement that the order set the cause for trial on the merits and set an amount of security to be posted by the

---

[2] A party may sufficiently preserve an issue for review by arguing the issue's substance, even if the party does not call the issue by name. *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 214 (Tex. 2020). An appellate court should consider the parties' arguments supporting each point of error and not merely the wording of the points. *Anderson v. Gilbert*, 897 S.W.2d 783, 784 (Tex. 1995). In this case, Relator argues in part that the TRO does not serve the function of a temporary restraining order, but rather goes beyond restraint to permanently alter Relator's position in the underlying litigation.

applicant) are mandatory, and orders that do not comply with these requirements are void. TEX. R. CIV. P. 683, 684; *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000); *Outback Steakhouse of Fla., Inc. v. Reneau*, No. 04-01-00469-CV, 2002 WL 22045, at \*2 (Tex. App.—San Antonio Jan. 9, 2002, no pet.) (collecting cases). We may declare a temporary injunction void for such noncompliance, regardless of whether the error was raised or briefed by a party. *Reneau*, 2002 WL 22045, at \*2; *see also Clark v. Hastings Equity Partners, LLC*, 651 S.W.3d 359, 371 n.8 (Tex. App.—Dallas 2022, no pet.) (appellate court may declare temporary injunction void even if issue has not been raised by parties); *Conway v. Shelby*, 432 S.W.3d 377, 380 (Tex. App.—Texarkana 2014, no pet.) (same). Indeed, appellate courts lack jurisdiction to address the merits of appeals from void orders; rather, we have jurisdiction only to determine that the underlying order or judgment is void and make appropriate orders based on that determination. *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012) (citing *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995)). And we must consider our jurisdiction, even if that consideration is sua sponte. *Id.*; *see also Gordon Indep. Sch. Dist. v. Hinkson*, 661 S.W.3d 922, 926 (Tex. App.—Eastland 2023, no pet.) (court addressed its jurisdiction over original proceeding sua sponte).

In this case, the TRO neither includes an order setting the underlying matter for trial on the merits nor fixes the amount of bond to be provided by RPI as the applicant. Because the TRO does not comply with the procedural requirements for temporary injunctions, we conclude that it is void. *See Pierce*, 2012 WL 3525638 at \*3 (temporary restraining order, tantamount to temporary injunction, void for noncompliance with procedural requirements). And because a trial court abuses its discretion if it enters a void order, Respondent necessarily abused her discretion by issuing the TRO. *See In re J.R.*, 622 S.W.3d 602, 604 (Tex. App.—Fort Worth 2021, orig. proceeding). Thus, Relator need not show that she lacks an adequate remedy by appeal to obtain mandamus relief from a void order. *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Florey*, 329 S.W.3d at 857. Accordingly, we conclude that Relator has made the requisite showing for issuance of a writ of mandamus.

## DISPOSITION

Having determined that the order under review is void and constitutes an abuse of discretion, we ***conditionally grant*** Relator's petition for writ of mandamus. We direct

5

Respondent to vacate her order signed June 28, 2023, granting RPI's motion for temporary restraining order and for other relief. The writ will issue only if the trial court fails to do so *within ten days of the date of the opinion and order*. The trial court shall furnish this Court, within the time of compliance with this Court's opinion and order, a certified copy of the order evidencing such compliance. We *lift* our stay of July 3, 2023. All pending motions are *overruled as moot*.

**GREG NEELEY**
Justice

Opinion delivered July 21, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# ORDER

**JULY 21, 2023**

**NO. 12-23-00172-CV**

**CAROLINE MEADS BROOKSHIRE,**
Relator
V.
**HON. SARA MAYNARD,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Caroline Meads Brookshire; who is the relator in appellate cause number 12-23-00172-CV and a party to trial court cause number 22-11596-E, pending on the docket of the County Court at Law of Smith County, Texas. Said petition for writ of mandamus having been filed herein on June 30, 2023, and the same having been duly considered, it is the opinion of this Court that the petition for writ of mandamus be, and the same is, **conditionally granted**.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate her order of June 28, 2023 in which she granted Trenton Brookshire's motion for temporary restraining order and for other relief, the writ will not issue unless the **HONORABLE**

**SARA MAYNARD** fails to comply with this Court's order within ten (10) days from the date of this order.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*