**Ex parte Nelson D. EDGERLY et al.,**
**Relators.**

**No. B–1320.**

Supreme Court of Texas.

May 28, 1969.

Long & Parker, Carl A. Parker, Port Arthur, Dixie, Wolf & Hall, Robert E. Hall and Chris Dixie, Houston, for relators.

Oliver Butler, Jr., Houston, W. N. Sands, Stubbeman, McRae, Sealy & Laughlin, W. B. Browder, Jr., Midland, for respondent.

SMITH, Justice.

This original habeas corpus proceeding was filed in this Court by Relators, Nelson D. Edgerly, Sidney E. Johnson, H. H. Allen, J. M. Allen, Larry Stefflen, David P. Casey, Floyd Forse, Carl B. Hall and H. A. Uzee, seeking to be discharged from an order of the District Court of Midland County, Texas, committing them to jail for contempt. The contempt proceeding had its origin as a result of the following proceedings.

On January 3, 1969, Texaco, Inc., as Plaintiff, filed cause of action No. 23,878, styled Texaco, Inc. v. Oil, Chemical and Atomic Workers International Union, AFL-CIO, et al, in the 142nd District Court of Midland, Texas, alleging that there was in existence between it and the Defendant labor organizations valid collective bargaining contracts effective until January 10, 1969, containing "no-strike clauses" at certain of Texaco's facilities located in Jefferson County, Texas. It was alleged that on January 3, 1969, the Defendant unions notified and advised Texaco, Inc. that it was their intention to "strike Plaintiff and to place pickets and picket lines at the various entrances to Plaintiff's * * * places of business and manufacturing establishments in Jefferson County, Texas, effective at midnight, January 3, 1969." The Honorable Perry D. Pickett, the Resident Judge of the 142nd

Judicial District Court of Midland County, Texas, being absent and unavailable, the petition, which contained a prayer for a temporary restraining order, was presented to the Honorable Charles Sherrill, Judge of the District Court of Pecos County, Texas. On the same day, Judge Sherrill, without a hearing:

"ORDERED, ADJUDGED AND DE-CREED that the Clerk of the District Court of Midland County, Texas issue a temporary Restraining Order in all things as prayed for in said Petition, operative and effective until Midnight, January 10, 1969, restraining the Defendants, Oil, Chemical and Atomic Workers International Union, AFL-CIO, Local No. 4–23, Oil, Chemical and Atomic Workers International Union, AFL-CIO, William J. Mock, and all of the officers, agents, representatives, and members of Oil, Chemical and Atomic Workers International Union, AFL-CIO, and Local No. 4–23, Oil, Chemical and Atomic Workers International Union, AFL-CIO, and those acting in concert therewith, as a class, from any and all of the following,

"(1) Engaging in a strike against Plaintiff's Port Arthur Plant, Port Arthur package division, Port Arthur terminal, or Midland place of business, prior to midnight, January 10, 1969;

"(2) Picketing, prior to midnight, January 10, 1969, any entrance to Plaintiff's Port Arthur plant, Port Arthur package division, Port Arthur terminal, or Midland plance of business which are customarily used by Plaintiff's employees:

"(3) Engaging in any other conduct or activities, prior to midnight, January 10, 1969, the nature of which directly or indirectly is to secure the disregard, breach or violation of the existing collective bargaining agreements between Plaintiff and Defendants covering employees of Plaintiff's Port Arthur plant, Port Arthur package division or Port Arthur terminal;

"(4) Causing or soliciting employees of Plaintiff's Port Arthur plant, Port Arthur package division or Port Arthur terminal to strike or otherwise refuse to work or perform services for Plaintiff prior to midnight, January 10, 1969;

"(5) Using any force or violence or threatening or attempting to use any force or violence to prevent or attempt to prevent any employees of Plaintiff's Port Arthur plant, Port Arthur package division, Port Arthur terminal or Midland office, from engaging in his lawful occupation or to prevent or attempt to prevent any other person from engaging in any other such lawful occupation, * * *"

The order was made returnable on January 13, 1969, before the District Court of Midland County, Texas. On January 6, 1969, Texaco filed in the Midland District Court, affidavits reflecting that the Relators had on the 4th day of January, 1969, committed acts in violation of the Temporary Restraining Order issued by Judge Sherrill on January 3, 1969.

On January 14, 1969, after a hearing, the trial court entered nine separate but identical judgments of contempt. The transcript contains a stipulation that the "Judgment of Contempt and the commitment pertaining to Nelson D. Edgerly is identical to judgments of contempt and commitments" of all the other Relators involved herein. The judgment ordered that each Relator named therein be imprisoned in the County Jail of Midland County, Texas, for 3 days.

On January 14, 1969, a commitment was issued and the Relators were taken into custody by the sheriff of Midland County, Texas, by whom they were being held when the petition for writ of habeas corpus was presented to this Court. We granted leave

to file the petition and the Relators were released on bond pending our decision.

 The first ground of attack upon the judgments holding Relators in contempt is that the contempt proceedings violated Relators' right to due process because of lack of notice of the charges against them. We sustain this contention. Therefore, it will be unnecessary to consider the other points relied upon by the Relators to secure their release from custody.

Relators were not accorded due process of law for the reasons now to be stated. The seven affidavits filed with the District Clerk of the District Court of Midland County, Texas, assert that the Relators violated the temporary restraining order by picketing the Port Arthur Terminal, Package Division and Marine Department of Texaco, Inc. at Port Arthur, Jefferson County, Texas. The order of attachment for each of the Relators merely recites that the "affidavits for disobedience of an injunction on file having been read and fully understood, it is ordered that a writ of attachment do issue * * *." The attachments themselves, served in identical form on all Relators, specify nothing except an alleged contempt in disobeying "commands of a Writ of Injunction" and further state that "it being alleged by affidavits filed in this Court by Texaco, Inc., a corporation, that he fails and refuses to obey the command of said writ." There was no instrument served upon the Relators which contained notice of the charges stated in the affidavits. Due process of law demands that before a Court can punish for a contempt not committed in its presence, the accused must have full and complete notification of the subject matter, and the show cause order or other means of notification must state when, how and by what means the defendant has been guilty of the alleged contempt. 12 Tex.Jur.2d Contempt § 48 (1960). See also Ex parte Ratliff, 117 Tex. 325, 3 S.W.2d 406, 57 A.L.R. 541 (1928); Ex parte White, 149 Tex. 155, 229 S.W.2d 1002 (1950); Ex parte Winfree, 153 Tex. 12, 263 S.W.2d 154, 41 A.L.R.2d 1259 (1954); Ex parte Hardin, 161 Tex. 567, 344 S.W.2d 152 (1961); Ex parte Cardwell, 416 S.W.2d 382 (Tex.Sup.1967). This requirement of notice was not met. When the Courts state that there must be notice given to those charged with constructive contempt, it is meant that the type of notice, as above outlined, is required in order to accord due process of law.

In view of the circumstances herein outlined and the rules of law cited as controlling, we are of the opinion that the order of commitment is lacking in validity and the Relators must be discharged. The judgments of contempt are set aside. Relators, Nelson D. Edgerly, Sidney E. Johnson, H. H. Allen, J. M. Allen, Larry Stefflen, David P. Casey, Floyd Forse, Carl B. Hall and H. A. Uzee are discharged. They and their sureties on the bond furnished for their release pending our decision are released from further liability. All costs in this Court are adjudged against Texaco.

WALKER, J., not sitting.