ACCEPTED
14-14-01013-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/30/2014 4:45:35 PM
CHRISTOPHER PRINE
CLERK

No. 14-14-01013-CV

IN THE
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/30/2014 4:45:35 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE INTEREST OF CHRISTOPHER SPATES

**Christopher Spates**
*Relator*,

**Hon. David Farr, 312th Judicial District, Harris County, Texas**
*Respondent,*

**The Office of the Attorney General of Texas**
**Shana Williams**
*Real Parties in Interest.*

---

## RESPONSE OF REAL PARTY IN INTEREST THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS TO RELATOR'S PETITION FOR WRIT OF HABEAS CORPUS

---

GREG ABBOTT
Attorney General of Texas

DANIEL HODGE
First Assistant Attorney General

MARTHA FITZWATER–PIGOTT
General Counsel
Child Support Division

RANDE K. HERRELL
JOHN B. WORLEY

DETERREAN GAMBLE
Assistant Attorneys General
Mail Code 038-1
P.O. Box 12017
Austin, Texas 78711-2017
Phone No. (512) 406-2307
Fax No. (512) 406-2304

*Attorneys for Real Party in Interest ,*
*Office of Attorney General of Texas*

**ORAL ARGUMENT NOT REQUESTED**

## Identity of Parties and Counsel

**Relator**: Christopher Spates

**Relator's Counsel**: Taura Spates

**Respondent**s: Hon. David Farr, District Judge
312th District Court, Harris County
201 Caroline Street, 16th Floor
Houston, Texas 77002

**Real Party in Interest**: Office of the Texas Attorney General
P.O. Box 12017
Austin, Texas 78711-2017

**Real Party's Counsel**: Rande K. Herrell
John B. Worley
Deterrean Gamble

**Real Party in Interest**: Shana Williams

**Table of Contents**

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Waiver of Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Issues Presented .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    Issue No. 1 :    (Responsive to Relator's Issues One and Two) The August 28, 2014 motion for enforcement satisfies due process requirements for specific notice of Father's particular violations of the underlying child support order... . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    Issue No. 2 :    (Responsive to Relator's Issue Three) The December 23, 2014 contempt order does not preclude the sheriff from granting good time credits to Father. However, even if the order does preclude the sheriff from granting good time credits to Father, this Court may reform the judgment to recognize the sheriff's discretion to grant good time credits... . . . . . . . . . . . . . . 14

Conclusion and Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Certification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

Certificate of Compliance.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

Appendix . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

# INDEX OF AUTHORITIES

**CASES**

*Bryant v United Shortline Inc. Assurance Servs., N.A.*,
    972 S.W.2d 26 (Tex. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ex parte Barlow*,
    899 S.W.2d 791 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Ex parte Conoly*,
    732 S.W.2d 695 (Tex. App.—Dallas 1987, orig. proceeding). . . . . . . . . 11, 12

*Ex parte Edgerly*,
    441 S.W.2d 514 (Tex.1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Ex parte Gordon*,
    584 S.W.2d 686 (Tex.1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ex parte Hall*,
    838 S.W.2d 674 (Tex. App.—Dallas 1992, orig. proceeding). . . . . . . . . 15, 16

*Ex parte Oliver*,
    736 S.W.2d 277 (Tex. App.—Fort Worth 1987, orig. proceeding). . . . . 13, 14

*In re C.K.C.*,
    No. 12–10–00366–CV, 2011 WL 7099714 (Tex. App.—Tyler Dec. 30, 2011,
    no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Office of Att'y Gen. of Tex.*,
    422 S.W.3d 623 (Tex. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Parks*,
    264 S.W.3d 59 (Tex. App.—Houston [1st Dist.] 2007, no pet.). . . . . 6, 10, 14

*Jones v. State*,
    176 S.W.3d 47 (Tex. App.—Houston [1st Dist.] 2004, no pet.). . . . . . . 15, 16

*McBride v. McBride*,
　　396 S.W.3d 724 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). . . . . . 9

*Tex. Dept. of Public Safety v. J.H.J.*,
　　274 S.W.3d 803 (Tex. App.—Houston [14th Dist. 2008, no pet.). . . . . . . . 16

**STATUTES**

TEX. CODE CRIM. PRO. art 42.032.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

TEX. FAM. CODE § 157.002.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

TEX. FAM. CODE § 157.162.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

TEX. FAM. CODE § 234.001.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**WAIVER OF ORAL ARGUMENT**

The Office of the Texas Attorney General (OAG) waives oral argument unless this Court deems oral argument necessary for the disposition of this cause.

## ISSUES PRESENTED

ISSUE 1:     (Responsive to Relator's Issues One and Two) The August 28, 2014 motion for enforcement satisfies due process requirements for specific notice of Father's particular violations of the underlying child support order.

ISSUE 2:     (Responsive to Relator's Issue Three) The December 23, 2014 contempt order does not preclude the sheriff from granting good time credits to Father.  However, even if the order does preclude the sheriff from granting good time credits to Father, this Court may reform the judgment to recognize the sheriff's discretion to grant good time credits.

No. 14-14-01013-CV

In The
Fourteenth Court of Appeals
Houston, Texas

**IN THE INTEREST OF CHRISTOPHER SPATES**

**Christopher Spates**
*Relator*,

**Hon. David Farr, 312th Judicial District, Harris County, Texas**
*Respondent,*

**The Office of the Attorney General of Texas**
**Shana Williams**
*Real Parties in Interest.*

**RESPONSE OF REAL PARTY IN INTEREST THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS TO RELATOR'S PETITION FOR WRIT OF HABEAS CORPUS**
_____

TO THE HONORABLE COURT OF APPEALS:

The undersigned Assistant Attorney General respectfully submits this response to relator's petition for writ of habeas corpus on behalf of Real Party in Interest, the Office of the Attorney General of Texas (OAG).

**STATEMENT OF THE CASE**

Relator Christopher Spates ("Father") has been held in punitive contempt for failure to pay child support as ordered by the trial court.

## STATEMENT OF JURISDICTION

This Court has statutory jurisdiction to issue a writ of habeas corpus under Texas Government Code 22.221(d). TEX. GOV'T CODE § 22.221(d) (Apx. E).

## STATEMENT OF FACTS

On August 29, 2002, the 247th District Court of Harris County issued its Order in Suit Affecting the Parent–Child Relationship, establishing relator Father's paternity of the child and ordering Father to pay $1,060,20 per month in current child support beginning on September 1, 2002 and continuing on the first day of each month until the child support obligation terminated.[1] (Relator's Appendix A)

On August 28, 2014, the OAG filed its Motion for Enforcement requesting that the trial court enforce its order by ordering an arrearage judgment and by finding Father in contempt for failure to pay child support. (Relator's Appendix A) In its motion, the OAG incorporated two attachments by reference. *Id.* The first attachment

---

1      On March 5, 2010, Father sought to modify his child support obligation by filing a motion to modify. (Relator's Appendix C) On December 22, 2014, the trial court heard Father's motion to modify and ordered a retroactive downward modification of the child support obligation to $562.48 starting in March or April 2010. *See* Relator's Petition for Writ of Habeas Corpus at 4. The order modifying Father's child support is to be entered on January 9, 2015. *See* Commitment Order, Relator's Appendix B, on Appendix A of the order) The hearing on Father's motion was held immediately prior to the hearing on the underlying motion for enforcement which resulted in the commitment order for which Father seeks relief.

incorporated by reference as "Exhibit A" was the August 29, 2002 child support order. *Id.* Regarding the August 29, 2002 child support order, the OAG alleged that Father had "repeatedly violated the child support order." *Id*. The OAG also alleged that Father would continue to violate the order in the future. *Id.*

The second attachment incorporated by reference as "Exhibit B" was a payment record compiled the State Disbursement Unit. *Id.* The payment record set out Father's monthly obligation beginning on October 31, 2009 and ending on August 14, 2014. *Id.* Specifically, it set out Father's alleged failure to pay his child support obligation as ordered in the August 29, 2002 on several dates, including on April 1, 2010, on March 1, 2014, on April 1, 2014, on May 1, 2014, and on June 1, 2014. *Id.* Regarding the payment record, the OAG stated that the payment record showed "the date and amount of each [child] support payment made by [Father] since October 31, 2009." The OAG alleged that Father "committed a separate act of contempt by each indicated failure to pay [child] support in full on or before its due date." *Id.*

On December 22, 2014, the 312th District Court of Harris County heard the OAG's motion.[2] *See* Relator's Petition for Writ of Habeas Corpus at 4. On December 23, 2014, the trial court issued its Order Holding Respondent in Contempt for Failure

---

2    The 312th District Court heard the case under the exchange of benches doctrine.

3

to Pay Child Support and for Commitment and Judgment for Unpaid Child Support. (Relator's Appendix B) In its December 23, 2014 order, the trial court found Father in punitive contempt for failure to pay child support as ordered in the August 29, 2014 order on the following dates: April 1, 2010, March 1, 2014, April 1, 2014, May 1, 2014, and June 1, 2014. *Id.* The trial court ordered that the Sheriff of Harris County commit Father to the Harris County jail for a sentence of 180 days for each of the five violations, each sentence running concurrently. *Id.* The trial court limited Father's commitment in the county jail to a "fixed" term of 180 days for the five violations, thereby ensuring that Father would not spend additional time in the Harris County jail. On December 24, 2014, Father filed his petition for writ of habeas corpus.

## SUMMARY OF ARGUMENT

Under the relevant standard of review, this Court must presume that the contempt judgment is valid. The motion for enforcement was specific in providing notice to Father of his alleged violations of the child support order. Under Texas Family Code section 157.162(c), a payment record maintained by the Title IV–D agency is sufficient to prove the amounts of the ongoing child support payments that Father did or did not make and the dates on which those payments were or were not paid. As Father concedes, the OAG attached a payment record maintained by the Title

IV–D agency to its motion for enforcement. The payment record attached to the motion for enforcement shows that Father missed payments on April 1, 2010, on March 1, 2014, on April 1, 2014, on May 1, 2014, and on June 1, 2014.

In addition, the record before this Court does not show that Father objected to the admission of the payment record. Nor does the record show that Father sought to introduce a controverting record into evidence. When, as here, no reporter's record is filed, this Court must presume the missing evidence supports the trial court's contempt judgment. Thus, this Court must presume that the contempt judgment is valid.

The order language of the contempt judgment does not preclude the sheriff from exercising his discretion to grant good time credit to Father. Read in context, the order language limits Father's confinement to 180 days and no more. However, if this Court interprets the language to mean that the trial court sought to limit or preclude the sheriff from exercising his sole discretion to grant good time credits, this Court should reform the judgment to recognize the sheriff's discretion to grant good time credits and otherwise deny Father's petition for habeas relief.

**ARGUMENT**

**STANDARD OF REVIEW:** "A habeas corpus petition is a collateral attack on a [contempt] judgment, the purpose of which is not to determine the final guilt or innocence of the relator but to ascertain whether the relator has been confined unlawfully." *In re Parks*, 264 S.W.3d 59, 61–62 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex.1979)). The presumption is that the contempt judgment is valid. *Parks*, 264 S.W.3d at 62. This Court will issue a writ of habeas corpus if a trial court's contempt order is beyond the court's power or the court did not afford the relator due process of law. *Id.* The relator bears the burden of showing that he is entitled to relief. *Id.*

**ISSUE ONE: (Responsive to Relator's Issues One and Two) The August 28, 2014 motion for enforcement satisfies due process requirements for specific notice of Father's particular violations of the underlying child support order.**

Father argues that the OAG's August 28, 2014 motion for enforcement lacked specificity in its allegations of Father's violations of the underlying child support order. However, because the OAG attached a payment record to its motion as authorized by Texas Family Code section 157.162, the motion was sufficient to allege and prove that Father violated the underlying child support order on the dates set out

6

in the December 23, 2014 contempt order.

Texas Family Code section 157.002 states, in relevant part:

(a) A motion for enforcement must, in ordinary and concise language:

(1)    identify the provision of the order allegedly violated and sought to be enforced;

(2)    state the manner of the respondent's alleged noncompliance;

(3)    state the relief requested by the movant; and

(4)    contain the signature of the movant or the movant's attorney.

(b) A motion for enforcement of child support:

(1)    must include the amount owed as provided in the order, the amount paid, and the amount of arrearages;

(2)    if contempt is requested, must include the portion of the order allegedly violated and, for each date of alleged contempt, the amount due and the amount paid, if any;

(3)    *may include as an attachment a copy of a record of child support payments maintained by the Title IV-D registry or a local registry*; and

(4) if the obligor owes arrearages for a child receiving assistance under Part A of Title IV of the federal Social Security Act (42 U.S.C. Section 601 et seq.), may include a request that:

(A) the obligor pay the arrearages in accordance with a plan approved by the court; or

> (B) if the obligor is already subject to a plan and is not incapacitated, the obligor participate in work activities, as defined under 42 U.S.C. Section 607(d), that the court determines appropriate.
>
> . . . . .
>
> (e) The movant may allege repeated past violations of the order and that future violations of a similar nature may occur before the date of the hearing.

TEX. FAM. CODE § 157.002(a), (b), (e) (Apx. A); *see also In re Office of Att'y Gen. of Tex.*, 422 S.W.3d 623, 630–31 (Tex. 2013). (emphasis added)

Texas Family Code section 157.162 states, in relevant part:

> (c) The movant may attach to the motion [for enforcement] a copy of a payment record. The movant may subsequently update that payment record at the hearing. *If a payment record was attached to the motion as authorized by this subsection, the payment record, as updated if applicable, is admissible to prove*:
>
> > (1) *the dates and in what amounts payments were made*;
> >
> > (2) the amount of any accrued interest;
> >
> > (3) the cumulative arrearage over time; and
> >
> > (4) the cumulative arrearage as of the final date of the record.
>
> (c-1) A respondent may offer evidence controverting the contents of a payment record under Subsection (c).

TEX. FAM. CODE § 157.162(c),(c-1) (Apx. A); *see also McBride v. McBride*, 396 S.W.3d 724, 730–31 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). (emphasis added)

Here, the OAG attached two exhibits to its August 28, 2014 motion for enforcement. The first exhibit, a copy of the underlying child support order, was labeled as "Exhibit A" and incorporated by reference in the OAG's motion. (Relator's Appendix A) The second exhibit, a copy of a child support payment record maintained by the State Disbursement Unit as part of the Title IV–D agency for the State of Texas, was labeled as "Exhibit B" and incorporated by reference in the OAG's motion. *See* TEX. FAM. CODE § 234.001 (legislative mandate for Title IV–D agency to establish and maintain state disbursement unit to "maintain records of child support orders in Title IV–D cases and in other cases") (Apx. A); *see also* Relator's Appendix A.

Father concedes that the OAG attached a copy of the payment record maintained by the Title IV–D agency to its motion for enforcement as authorized under Texas Family Code section 157.162. *See* Relator's Petition for Writ of Habeas Corpus at 10. The attached payment record was sufficient to prove that Father failed to pay his child support obligation as ordered by the trial court on the dates of April

9

1, 2010, March 1, 2014, April 1, 2014, May 1, 2014, and June 1, 2014. *See* TEX. FAM. CODE § 157.162(c); *see also* Relator's Appendix A.

In addition, the record before this Court does not show that Father objected to the admission of the payment record at the December 22, 2014 hearing. The record before this Court does not show that Father sought to introduce a controverting record at the December 22, 2014 as allowed under Texas Family Code section 157.162. When, as here, no reporter's record is filed, this Court must presume the missing evidence supports the trial court's contempt judgment. *See Bryant v United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *see also In re C.K.C.*, No. 12–10–00366–CV, 2011 WL 7099714 at *2 (Tex. App.—Tyler Dec. 30, 2011, no pet.). Therefore, this Court must presume that the trial court's contempt judgment is valid. *See Parks*, 264 S.W.3d at 62.

Father relies on several cases to argue that the OAG's motion for enforcement lacked specificity of the alleged violations of the underlying child support order. However, as discussed below, Father's reliance on these cases is misplaced.

In *Ex parte Barlow*, the real party in interest filed an amended motion for enforcement in which the motion stated that it attached a payment record from a county child support office labeled "Exhibit A" to prove that the relator had violated

10

the underlying child support order. 899 S.W.2d 791, 795–96 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding). However, the record before this Court showed that the real party in interest failed to attach the payment record to its motion for enforcement. *Id.* Because there was *no payment record attached*, this Court held that the motion for enforcement lacked specificity as set out under the version of the Family Code stating the requirements for a motion for enforcement requesting contempt. *Id.* ("Without that document (here, referring to the payment record), relator did not receive the notice required under the TexasFamily Code and was not specifically informed of the violations alleged as required by due process.") (emphasis added) Here, as Father conceded, the payment record was attached to the August 28, 2014 motion for enforcement as authorized under Texas Family Code section 157.162. Because of this, *Barlow* is distinguishable on the facts. In fact, *Barlow* bolsters the OAG's argument that a payment record attached to the motion for enforcement is sufficient to allege violations of the underlying child support order.

In *Ex parte Conoly*, the Dallas Court of Appeals voided one of two contempt orders on the grounds that the version of the Family Code enacted at the time of the proceeding did not allow the real party in interest to allege future violations of the underlying child support order in the motion for enforcement. 732 S.W.2d 695,

698–99 (Tex. App.—Dallas 1987, orig. proceeding). Here, the current version of the Texas Family Code allowed the OAG to allege future violations of the underlying child support order. *See* TEX. FAM. CODE § 157.002 (e). In addition, the trial court found Father in contempt for failure to pay his child support obligation as ordered on dates preceding the filing of the OAG's motion for enforcement. Therefore, *Conoly* is inapplicable.

In *Ex parte Edgerly*, the Texas Supreme Court granted habeas relief from a contempt order issued after relators allegedly violated a temporary restraining order seeking to prevent a strike by union member–employees at a petrochemical plant. 441 S.W.2d 514, 516 (Tex. 1969). The Supreme Court stating that the affidavits filed in support of the motion for enforcement of the temporary restraining order "specify nothing except an alleged contempt in disobeying 'commands of a Writ of Injunction' and further state that 'it being alleged by affidavits filed in this Court by Texaco, Inc., a corporation, that he fails and refuses to obey the command of said writ.'" *Id.* In addition, the Supreme Court stated that "[t]here was no instrument served upon the Relators which contained notice of the charges stated in the affidavits." *Id.* Based on Texas Family Code section 157.162, the payment record attached to the motion for enforcement in this case was sufficient to give specificity to the allegations of

12

violations of the underlying child support order. In addition, Father does not allege lack of service of the motion for enforcement. *Edgerly* is distinguishable on the facts.

In *Ex parte Oliver*, the Fort Worth Court of Appeals partially granted habeas relief when the real party in interest stated in the motion for enforcement that the relator violated the child support order on March 25, 1987 for failure to pay child support and also stated that any future violation of the child support order should be considered as an additional act of contempt. 736 S.W.2d 277, 278 (Tex. App.—Fort Worth 1987, orig. proceeding). After its May 4, 1987 hearing on the motion for enforcement, the trial court found the relator in contempt for failing to pay his child support as ordered on March 25, 1987, a date specifically alleged in the motion for enforcement, and on April 25, 1987, a date not allegedly in the motion for enforcement. *Id.* The Fort Worth Court of Appeals held that the relator did not receive specific notice of the April 25, 1987 violation and granted relief for the judgment for the April 25, 1987 violation. *Id.* However, the court denied relief on the judgment for the March 25, 1987 violation. *Id.* Here, the trial court found Father in contempt for dates *preceding* the filing of the motion for enforcement. The trial court did not find that Father violated the underlying child support order for any dates after the filing of the motion for enforcement. As in *Oliver*, this Court should deny relief

13

on the judgment for the dates of April 1, 2010, March 1, 2014, April 1, 2014, May 1, 2014, and June 1, 2014. Otherwise, *Oliver* is inapplicable here.

The payment record attached to the August 28, 2014 motion for enforcement set out the specific allegations of violations of the underlying child support order. Because the record before this Court does not show that Father either objected to the admission of the payment record or sought to introduce a controverting record, this Court must presume that the trial court's contempt judgment is valid. *See Parks*, 264 S.W.3d at 62.

**ISSUE TWO: (Responsive to Relator's Issue Three) The December 23, 2014 contempt order does not preclude the sheriff from granting good time credits to Father. However, even if the order does preclude the sheriff from granting good time credits to Father, this Court may reform the judgment to recognize the sheriff's discretion to grant good time credits.**

Father argues that the trial court's December 23, 2014 contempt order precludes the sheriff from granting good time credits to Father. However, the context of the language in the order serves to ensure that Father can serve no more than 180 days, thereby limiting Father's confinement. However, even if the language in the order could be read to preclude the sheriff from granting good time credits to Father, this

14

Court may reform the judgments to recognize the sheriff's discretion to grant good time credits and otherwise deny Father's petition for habeas relief.

The sheriff in charge of the county jail has the exclusive discretion to grant good time credits to county jail inmates. TEX. CODE CRIM. PRO. art 42.032 § 2 (Apx. B); *see also Jones v. State*, 176 S.W.3d 47, 52 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also Ex parte Hall*, 838 S.W.2d 674, 676 (Tex. App.—Dallas 1992, orig. proceeding). The trial court has no authority to limit the discretion of the sheriff to grant good time credits. *Hall*, 838 S.W.2d at 676. If the trial court does seek to preclude the sheriff from exercising his discretion to grant good time credits, the reviewing court may reform the judgment to recognize the sheriff's discretion to grant good time credits and otherwise deny the relator's petition for habeas relief. *See Jones*, 176 S.W.3d at 52–53; *see also Hall*, 838 S.W.2d at 676.

Here, the trial court set out the following language regarding Father's sentence:

It is ORDERED, ADJUDGED, and DECREED that punishment for each separate violation of this court's order as set forth above is confinement in the county jail of Harris County for a period of 180 days.

15

However, it is further ORDERED that each period of confinement assessed herein for criminal contempt shall run and be satisfied concurrently so that Respondent's commitment to the county jail shall be and is hereby fixed for a total period of 180 days confinement in the Harris County jail.

Texas courts have held that order language should be read in context. *See, e.g.,Tex. Dept. of Public Safety v. J.H.J.*, 274 S.W.3d 803, 810–11 (Tex. App.—Houston [14th Dist. 2008, no pet.). The second paragraph here modifies the reach and extent of the first paragraph by its inclusion of the word "however" at the beginning of the paragraph. The inclusion of the word "fixed" limits the time of Father's confinement to 180 days and no more. The second paragraph also ensures that the sentences for the five violations run concurrently.

However, if this Court deems the word "fixed" to be a prohibition against the discretion of the sheriff to grant good time credits to Father, this Court may reform the judgment by striking all the words in the second paragraph after the word "concurrently." *See Jones*, 176 S.W.3d at 52–53; *see also Hall*, 838 S.W.2d at 676. This Court may otherwise deny Father's petition for habeas relief.

## CONCLUSION AND PRAYER

For the foregoing reasons, the OAG respectfully requests that this Court deny Father's petition.

Respectfully submitted,
Greg Abbott,
Attorney General of Texas

Daniel Hodge
First Assistant Attorney General

Martha Fiztwater–Pigott
General Counsel
Child Support Division

Rande K. Herrell
Managing Attorney, Appellate Litigation
Child Support Division

/s/ Deterrean Gamble
Deterrean Gamble
Assistant Attorney General
State Bar No. 24062194
deterrean.gamble@texasattorneygeneral.gov

P.O. Box 12017
Austin, Texas 78711-2017
Voice: (512) 460-6085
Fax:    (512) 460-6612

Attorneys for Real Party in Interest,
The Office of the Attorney
General of Texas

## RULE 52.3(j) CERTIFICATION

I certify that I have reviewed the foregoing Response of the Office of the Attorney General of Texas to Relator's Petition for Writ of Mandamus and have concluded that every statement in the petition is supported by competent evidence included in the appendix and record.

 /s/ Deterrean Gamble
Deterrean Gamble
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 3494 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

/s/ Deterrean Gamble
Deterrean Gamble
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I certify that a copy of this **Response of the Office of the Attorney General of Texas to Relator's Petition for Writ of Mandamus** was served on the parties or their counsel listed pursuant to the Texas Rules of Civil Procedure on December 31, 2014.

/s/ Deterrean Gamble
Deterrean Gamble
Assistant Attorney General

Hon. David Farr, District Judge
312th District Court, Harris County
201 Caroline, 16th Floor
Houston, Texas 77002
*Respondent*

Christopher Spates
*Relator*

Shana Williams
*Real Party in Interest*

Angela Lancelin
*Assistant Attorney General*

No. 14-14-01013-CV

**IN THE INTEREST OF CHRISTOPHER SPATES**

**Christopher Spates**
*Relator*,

**Hon. David Farr, 312th Judicial District, Harris County, Texas**
*Respondent,*

**The Office of the Attorney General of Texas**
**Shana Williams**
*Real Parties in Interest.*

**APPENDIX**

**APPENDIX**

A.     TEX. FAM. CODE § 157.002, 157.162, 234.001

B.     TEX. CODE CRIM. PRO. art 42.032


**C**

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Family Code (Refs & Annos)
    Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs & Annos)
      Subtitle B. Suits Affecting the Parent-Child Relationship
        Chapter 157. Enforcement (Refs & Annos)
          Subchapter A. Pleadings and Defenses (Refs & Annos)
            **§ 157.002. Contents of Motion**

(a) A motion for enforcement must, in ordinary and concise language:

  (1) identify the provision of the order allegedly violated and sought to be enforced;

  (2) state the manner of the respondent's alleged noncompliance;

  (3) state the relief requested by the movant; and

  (4) contain the signature of the movant or the movant's attorney.

(b) A motion for enforcement of child support:

  (1) must include the amount owed as provided in the order, the amount paid, and the amount of arrearages;

  (2) if contempt is requested, must include the portion of the order allegedly violated and, for each date of alleged contempt, the amount due and the amount paid, if any;

  (3) may include as an attachment a copy of a record of child support payments maintained by the Title IV-D registry or a local registry; and

  (4) if the obligor owes arrearages for a child receiving assistance under Part A of Title IV of the federal Social Security Act (42 U.S.C. Section 601 et seq.), may include a request that:

    (A) the obligor pay the arrearages in accordance with a plan approved by the court; or

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

(B) if the obligor is already subject to a plan and is not incapacitated, the obligor participate in work activities, as defined under 42 U.S.C. Section 607(d), that the court determines appropriate.

(c) A motion for enforcement of the terms and conditions of conservatorship or possession of or access to a child must include the date, place, and, if applicable, the time of each occasion of the respondent's failure to comply with the order.

(d) The movant is not required to plead that the underlying order is enforceable by contempt to obtain other appropriate enforcement remedies.

(e) The movant may allege repeated past violations of the order and that future violations of a similar nature may occur before the date of the hearing.

CREDIT(S)

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 1997, 75th Leg., ch. 911, § 17, eff. Sept. 1, 1997.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT





**Effective: June 14, 2013**

Vernon's Texas Statutes and Codes Annotated Currentness
  Family Code (Refs & Annos)
    Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs & Annos)
      Subtitle B. Suits Affecting the Parent-Child Relationship
        Chapter 157. Enforcement (Refs & Annos)
          Subchapter D. Hearing and Enforcement Order (Refs & Annos)
            → → **§ 157.162. Proof**

(a) The movant is not required to prove that the underlying order is enforceable by contempt to obtain other appropriate enforcement remedies.

(b) A finding that the respondent is not in contempt does not preclude the court from awarding the petitioner court costs and reasonable attorney's fees or ordering any other enforcement remedy, including rendering a money judgment, posting a bond or other security, or withholding income.

(c) The movant may attach to the motion a copy of a payment record. The movant may subsequently update that payment record at the hearing. If a payment record was attached to the motion as authorized by this subsection, the payment record, as updated if applicable, is admissible to prove:

  (1) the dates and in what amounts payments were made;

  (2) the amount of any accrued interest;

  (3) the cumulative arrearage over time; and

  (4) the cumulative arrearage as of the final date of the record.

(c-1) A respondent may offer evidence controverting the contents of a payment record under Subsection (c).

(d) Repealed by Acts 2013, 83rd Leg., ch. 649 (H.B. 847), § 2.

(e) Repealed by Acts 2013, 83rd Leg., ch. 649 (H.B. 847), § 2.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

CREDIT(S)

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 2007, 80th Leg., ch. 1189, § 1, eff. June 15, 2007; Acts 2009, 81st Leg., ch. 767, § 15, eff. June 19, 2009; Acts 2011, 82nd Leg., ch. 508 (H.B. 1674), § 4, eff. Sept. 1, 2011; Acts 2013, 83rd Leg., ch. 649 (H.B. 847), §§ 1, 2, eff. June 14, 2013.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.



**Effective: September 1, 2007**

Vernon's Texas Statutes and Codes Annotated Currentness
  Family Code (Refs & Annos)
    Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs & Annos)
      Subtitle D. Administrative Services
        ⌐▣ Chapter 234. State Case Registry, Disbursement Unit, and Directory of New Hires (Refs & Annos)
          ⌐▣ Subchapter A. Unified State Case Registry and Disbursement Unit
            ➡➡ **§ 234.001. Establishment and Operation of State Case Registry and State Disbursement Unit**

(a) The Title IV-D agency shall establish and operate a state case registry and state disbursement unit meeting the requirements of 42 U.S.C. Sections 654a(e) and 654b and this subchapter.

(b) The state case registry shall maintain records of child support orders in Title IV-D cases and in other cases in which a child support order has been established or modified in this state on or after October 1, 1998.

(c) The state disbursement unit shall:

  (1) receive, maintain, and furnish records of child support payments in Title IV-D cases and other cases as authorized by law;

  (2) forward child support payments as authorized by law;

  (3) maintain records of child support payments made through the state disbursement unit; and

  (4) make available to a local registry each day in a manner determined by the Title IV-D agency the following information:

    (A) the cause number of the suit under which withholding is required;

    (B) the payor's name and social security number;

    (C) the payee's name and, if available, social security number;

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

(D) the date the disbursement unit received the payment;

(E) the amount of the payment; and

(F) the instrument identification information.

(d) A certified child support payment record produced by the state disbursement unit is admissible as evidence of the truth of the information contained in the record and does not require further authentication or verification.

CREDIT(S)

Added by Acts 1997, 75th Leg., ch. 911, § 94, eff. Sept. 1, 1997. Amended by Acts 1999, 76th Leg., ch. 556, § 68, eff. Sept. 1, 1999; Acts 2001, 77th Leg., ch. 1023, § 69, eff. Sept. 1, 2001; Acts 2007, 80th Leg., ch. 972, § 58, eff. Sept. 1, 2007.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT



**c**

**Effective: September 1, 2011**

Vernon's Texas Statutes and Codes Annotated Currentness
  Code of Criminal Procedure (Refs & Annos)
    Title 1. Code of Criminal Procedure of 1965
      ⬑▤ Proceedings After Verdict
        ⬑▤ Chapter 42. Judgment and Sentence (Refs & Annos)
          ➡➡ **Art. 42.032. Good conduct**

Sec. 1. To encourage county jail discipline, a distinction may be made to give orderly, industrious, and obedient defendants the comforts and privileges they deserve. The reward for good conduct may consist of a relaxation of strict county jail rules and extension of social privileges consistent with proper discipline.

Sec. 2. The sheriff in charge of each county jail may grant commutation of time for good conduct, industry, and obedience. A deduction not to exceed one day for each day of the original sentence actually served may be made for the term or terms of sentences if a charge of misconduct has not been sustained against the defendant.

Sec. 3. This article applies whether or not the judgment of conviction is a fine or jail sentence or both, but the deduction in time may not exceed one-third of the original sentence as to fines and court costs assessed in the judgment of conviction.

Sec. 4. A defendant serving two or more cumulative sentences shall be allowed commutation as if the sentences were one sentence.

Sec. 5. Any part or all of the commutation accrued under this article may be forfeited and taken away by the sheriff:

(1) for a sustained charge of misconduct in violation of any rule known to the defendant, including escape or attempt to escape, if the sheriff has complied with discipline proceedings as approved by the Commission on Jail Standards;

(2) on receipt by the sheriff of a certified copy of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by a defendant while the defendant was in the custody of the sheriff; or

(3) if the defendant, in violation of an order entered under Article 42.24, contacts the victim of the offense for which the defendant is serving a sentence or a member of the victim's family.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Sec. 6. Repealed by Acts 2009, 81st Leg., ch. 854, § 7.

Sec. 7. The sheriff shall keep a conduct record in card or ledger form and a calendar card on each defendant showing all forfeitures of commutation time and the reasons for the forfeitures.

CREDIT(S)

Added by Acts 1989, 71st Leg., ch. 2, § 5.04(a), eff. Aug. 28, 1989. Amended by Acts 1991, 72nd Leg., 2nd C.S., ch. 10, § 14.05, eff. Oct. 1, 1991; Acts 1993, 73rd Leg., ch. 900, § 5.03, eff. Sept. 1, 1993; Acts 1999, 76th Leg., ch. 655, § 2(a), eff. June 18, 1999; Acts 2009, 81st Leg., ch. 854, § 7, eff. June 19, 2009; Acts 2011, 82nd Leg., ch. 491 (H.B. 1028), § 2, eff. Sept. 1, 2011.

HISTORICAL AND STATUTORY NOTES

2006 Main Volume

Section 2(b) of Acts 1999, 76th Leg., ch. 655 provides:

"Section 5, Article 42.032, Code of Criminal Procedure, as amended by this section, applies only to a forfeiture of commutation of time for good conduct based on the filing in court of a lawsuit on or after the effective date [June 18, 1999] of this Act."

2014 Electronic Pocket Part Update

2009 Legislation

Acts 2009, 81st, Leg., ch. 854 repealed sec. 6, which read:

"Sec. 6. Except for credit earned by a defendant under Article 43.10, no other time allowance or credits in addition to the commutation of time under this article may be deducted from the term or terms of sentences."

Section 9 of Acts 2009, 81st Leg., ch. 854 provides:

"Sec. 9. The changes in law made by this Act in amending Article 43.10 and Subsection (b), Article 44.041, Code of Criminal Procedure, and in repealing Section 6, Article 42.032, Code of Criminal Procedure, apply only to credit that is earned by a defendant as a result of participation in a program or work performed on or after the effective date [June 19, 2009] of this Act. The accrual of credit by a defendant as a result of participation in a program or work performed before the effective date of this Act is governed by the law in effect when the participation occurred or work was performed, and the former law remains in effect for that purpose."

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

2011 Legislation

Acts 2011, 82nd Leg., ch. 491 (H.B. 1028) in sec. 5 added subd. (3) and made nonsubstantive changes.

2006 Main Volume

Prior Laws:

Acts 1955, 45th Leg., p. 1182, ch. 461, § 1.

Acts 1963, 58th Leg., p. 943, ch. 371, § 1.

Acts 1981, 67th Leg., p. 850, ch. 299, § 1.

Acts 1981, 67th Leg., p. 2648, ch. 708, § 2.

Acts 1987, 70th Leg., ch. 530, § 1.

Vernon's Ann. Civ. St. art. 5118a.

CROSS REFERENCES

Commission on Jail Standards, see V.T.C.A., Government Code § 511.001 et seq.

LAW REVIEW COMMENTARIES

Calculation of time credits for Texas prisoners. 9 St. Mary's L.J. 541 (1978).

Withholding good time credit from prisoners awaiting appeal. 51 Tex.L.Rev. 348 (1973).

LIBRARY REFERENCES

2006 Main Volume

Prisons ⚷ 15.
Westlaw Topic No. 310.
C.J.S. Prisons and Rights of Prisoners §§ 144 to 154.

RESEARCH REFERENCES

2014 Electronic Pocket Part Update

ALR Library

95 ALR 2nd 1265, Withdrawal, Forfeiture, Modification, or Denial of Good-Time Allowance to Prisoner.

Encyclopedias

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

TX Jur. 3d Contempt § 46, Maximum Fine and Confinement--Good-Time Credit.

TX Jur. 3d Penal and Correctional Institutions § 188, Good-Conduct Privileges.

TX Jur. 3d Penal and Correctional Institutions § 195, Forfeiture.

Treatises and Practice Aids

Brooks, 36 Tex. Prac. Series § 20.63, Jail--Inmate Labor.

Brooks, 36 Tex. Prac. Series § 20.68, Jail--Commutation of Jail Sentences.

NOTES OF DECISIONS

In general 2
Civil contempt 5
Condition of probation, confinement in county jail 8
Confinement in county jail 7-10
    Confinement in county jail - In general 7
    Confinement in county jail - Condition of probation 8
    Confinement in county jail - Pending appeal 9
    Confinement in county jail - Transfer to penitentiary 10
Construction with other laws 3
Criminal contempt 6
Cumulative sentences 11
Discretion of sheriff 13
Fines and court costs 4
Mandamus 12
Pending appeal, confinement in county jail 9
Transfer to penitentiary, confinement in county jail 10
Validity 1

1. Validity

Purpose of "civil" contempt order which was to encourage obedience, while "criminal" contempt order which was designed to punish for disobedience would be hindered or defeated if sheriff was authorized to deduct for good-conduct portions of jail term of contemptor, so that Vernon's Ann. Civ. St. art. 5118a (repealed; now this article) which permitted deduction for good-conduct portions of term of criminal contemptor, but not civil contemptor did not violate equal protection. Ex parte Harrison (App. 3 Dist. 1987) 741 S.W.2d 607. Constitutional Law ☞ 3773; Contempt ☞ 71

Provision of Vernon's Ann.Civ.St. art. 5118a (repealed; now this article) which granted sheriff the authority to commute the sentences of county prisoners upon good behavior, was not in conflict with Const. Art. 4, § 11,

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

which vests clemency power in the Governor and the Board of Pardons and Paroles. Op.Atty.Gen.1960, No. WW-918.

### 2. In general

Applicant for post-conviction writ of habeas corpus was entitled to credit for good conduct time earned during time that he was held in juvenile facility before being certified as an adult. Ex parte Gomez (Cr.App. 2000) 15 S.W.3d 103. Sentencing And Punishment ☞ 1157

Juveniles as well as adults are entitled to benefit of good conduct time for their pretrial detention. Ex parte Gomez (Cr.App. 2000) 15 S.W.3d 103. Infants ☞ 3154

County sheriff was authorized by Vernon's Ann.Civ.St. art. 5118a (repealed; now this article) to give relator "good time" credit on her 30-day sentence for criminal contempt. (Per Boyd, J., with one Justice concurring.) Ex parte Rogers (App. 7 Dist. 1982) 633 S.W.2d 666. Contempt ☞ 72

District court judge had no authority to place a limit on operation of Vernon's Ann.Civ.St. art. 5118a (repealed; now this article) and art. 43.10 creating an entitlement to time credits against a misdemeanor sentence to jail by fixing time for discharge of sentence, which, in effect, commanded county sheriff to deny time credits. Kopeski v. Martin (Cr.App. 1982) 629 S.W.2d 743. Sentencing And Punishment ☞ 1157

Defendant was not entitled to receive jail time credit, for days spent by him in federal prison, in addition to the credit he had already received for the days falling between the day on which the federal prison received capias warrant from State until the day he was sentenced, where State had not obtained constructive custody of defendant until the day on which the capias warrant was actually received by the federal prison. Acosta v. State (App. 8 Dist. 2003) 2003 WL 22451496, Unreported. Sentencing And Punishment ☞ 1175

### 3. Construction with other laws

A county jail inmate could have received good time credits under Vernon's Ann.Civ.St. art. 5118a (repealed; now this article) or manual labor credits under art. 43.10, but not both; Attorney General Opinion MW-497 (1982) was overruled to the extent it conflicted with this result. (1986) Tex. Atty. Gen. Op., No. JM-436.

### 4. Fines and court costs

Defendant, who was fined a total of $788 upon convictions of nine traffic offenses, was not entitled to good time credits concurrently as against each individual fine but rather only against aggregate amount of fines. Ex parte Minjares (Cr.App. 1978) 582 S.W.2d 105.

Defendant, who was fined a total of $788 upon convictions of nine traffic offenses, was entitled to such good time credits as he had earned while an inmate of county jail and absence of a formal sentence could not be used to deny him that credit. Ex parte Minjares (Cr.App. 1978) 582 S.W.2d 105.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Vernon's Ann.Civ.St. art. 5118a (repealed; now this article) authorized county sheriffs to award prisoners the commutation of time up to one-third of the original sentence for good conduct, industry and obedience and made same applicable regardless of whether the judgment of conviction was a fine or jail sentence, or a combination of jail sentence or fine. Op.Atty.Gen.1963, No. C-144.

Vernon's Ann.Civ.St. art. 5118a (repealed; now this article) applied to and included court costs where the judgment of conviction was for the payment of a fine and court costs. Op.Atty.Gen.1963, No. C-144.

The sheriff could increase the credit given against a fine beyond the rate of $15 per day by commuting up to 1/3 of the total fine assessed against a defendant in addition to the credit allowed under art. 43.09. (1982) Tex. Atty. Gen. Op., No. MW-497.

5. Civil contempt

Vernon's Ann.Civ.St. art. 5118a (repealed; now this article) was applicable to those being punished by criminal contempt orders but did not apply to course of civil contempt orders, such as those issued for failure to pay child support. Ex parte Acly (Sup. 1986) 711 S.W.2d 627. Prisons ⚷ 245(3)

There is no rational basis for denying good time credits to civil contemnor in prison for failure to pay child support while granting good time credits to other county jail inmates and denial of opportunity for good time credits deprives civil contemnor of equal protection. Ex parte Acly (Sup. 1986) 711 S.W.2d 627. Constitutional Law ⚷ 3824

6. Criminal contempt

Granting of "good time" credit to individuals jailed for criminal contempt rests solely in discretion of sheriff. Ex parte Daniels (Cr.App. 1987) 722 S.W.2d 707. Contempt ⚷ 82

Contemnor taken into custody under order holding her in criminal contempt and sentencing her to 72 hours confinement in county jail, was eligible for good conduct credit. Ex parte Hall (App. 5 Dist. 1992) 838 S.W.2d 674. Contempt ⚷ 82

Trial judge has no authority to set ending date on contempt sentence because that denies contemnor his right to be considered for good time, a statutory credit he may receive as reward for good behavior in jail. Ex parte Suter (App. 1 Dist. 1995) 920 S.W.2d 685. Contempt ⚷ 72

Criminal contempt order that defendant be confined in county jail for a period of six months did not impermissibly interfere with defendant's potential entitlement to good time credit so as to deprive him of such benefits, where order did not expressly state that he should be denied good time credit, or order that he remain incarcerated for a period of time beginning and ending on certain specified dates, or even mention good time credit. In re Scariati (App. 7 Dist. 1998) 988 S.W.2d 270. Contempt ⚷ 70

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Trial court could not impose jail sentence for criminal contempt in a way that would deprive defendant of the benefits of a policy adopted by the sheriff that afforded good time credit to those in the county jail. In re Scariati (App. 7 Dist. 1998) 988 S.W.2d 270. Contempt ☞ 70

"Criminal contempt" involves the levy of punishment for violating a prior order by affronting the dignity and authority of the court, and is exemplified by a sentence ordering the individual to be incarcerated for a finite period, which period is unaffected by the individual's performance of any future act. In re Scariati (App. 7 Dist. 1998) 988 S.W.2d 270. Contempt ☞ 3; Contempt ☞ 70

7. Confinement in county jail--In general

Individual required as condition of probated sentence for involuntary manslaughter to submit to period of detention in penal institution to serve "term of confinement" of not less than 120 days was not serving a "sentence" within meaning of Vernon's Ann.Civ.St. art. 5118a (repealed; now this article). Ex parte Cruthirds (Cr.App. 1986) 712 S.W.2d 749. Sentencing And Punishment ☞ 1943

County sheriff has authority to award commutation time credits only to those persons committed to serve sentences in county jail. Gardner v. State (Cr.App. 1976) 542 S.W.2d 127. Prisons ☞ 245(3)

8. ---- Condition of probation, confinement in county jail

Vernon's Ann.Civ.St. art. 5118a (repealed; now this article) which required that a deduction in time not to exceed one day for each day of original sentence actually served be made from "term of sentence" when no charge of misconduct had been sustained was only applicable to a prisoner who had been incarcerated in a county jail for a misdemeanor offense, not a prisoner convicted of a felony, and did not apply to a prisoner convicted of a felony offense and granted probation if prisoner was required to serve a "term of confinement" in county jail as a condition of probation. Ex parte Cruthirds (App. 1 Dist. 1985) 697 S.W.2d 845, affirmed 712 S.W.2d 749. Prisons ☞ 246; Sentencing And Punishment ☞ 1943

9. ---- Pending appeal, confinement in county jail

Refusal to give Texas defendant who was too poor to make bond credit for good time for period spent in jail during his appeal while other convicted prisoners who did not appeal their convictions were given good time for jail confinements as credits on their sentences constituted denial of equal protection, but such decision would be applied prospectively only. Pruett v. State of Tex., C.A.5 (Tex.)1973, 470 F.2d 1182. Constitutional Law ☞ 3227; Constitutional Law ☞ 3824; Courts ☞ 100(1)

Criminal defendants are entitled to consideration for good time credits for time spent in county jails pending direct appeals. Gardner v. State (Cr.App. 1976) 542 S.W.2d 127. Prisons ☞ 245(3)

Where, following felony conviction, prisoner was confined in county jail pending appeal because of financial inability to make appeal bond or where punishment was in excess of 15 years, the prisoner was not serving a

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

"term" in the county jail and Vernon's Ann.Civ.St. art. 5118a (repealed; now this article) which permitted sheriff to grant "good time" credit, was not applicable. State ex rel. Vance v. Clawson (Cr.App. 1971) 465 S.W.2d 164, certiorari denied 92 S.Ct. 226, 404 U.S. 910, 30 L.Ed.2d 182, rehearing denied 92 S.Ct. 529, 404 U.S. 996, 30 L.Ed.2d 548. Prisons ☞ 245(3); Sentencing And Punishment ☞ 1161

10. ---- Transfer to penitentiary, confinement in county jail

Vernon's Ann.Civ.St. art. 5118a (repealed; now this article) which permitted sheriff to grant good time credit to jail prisoners, was applicable only to prisoners incarcerated in county jails for misdemeanors and did not apply to prisoners incarcerated in a county jail under sentence calling for imprisonment in penitentiary. State ex rel. Vance v. Clawson (Cr.App. 1971) 465 S.W.2d 164, certiorari denied 92 S.Ct. 226, 404 U.S. 910, 30 L.Ed.2d 182 , rehearing denied 92 S.Ct. 529, 404 U.S. 996, 30 L.Ed.2d 548. Prisons ☞ 245(3)

The provisions of Vernon's Ann.Civ.St. art. 5118a (repealed; now this article) did not apply to inmates who were merely awaiting transfer to the Texas Department of Corrections. (1982) Tex. Atty. Gen. Op., No. MW-497.

11. Cumulative sentences

Vernon's Ann.Civ.St. art. 5118a (repealed; now this article) which provided that prisoner under two or more cumulative sentences should be allowed commutations as if they were all one sentence did not transform petitioner's nine traffic fines into one but merely provided that, for commutation purposes, fines were to be treated as if they were one, and thus good time credits could not be earned concurrently against each fine or jail term, but to the contrary, treating them as one, good time credits could be earned by petitioner only against aggregate punishment. Ex parte Minjares (Cr.App. 1978) 582 S.W.2d 105. Prisons ☞ 246

Absence of formal sentence in municipal court prosecution did not render inapplicable Vernon's Ann.Civ.St. art. 5118a (repealed; now this article) which provided that prisoner under two or more cumulative sentences should be allowed commutation as if they were all one sentence, and thus petitioner was entitled to such good time credits as he had earned while inmate of county jail against his municipal court traffic fines and costs and absence of formal sentence could not be used to deny him that credit. Ex parte Minjares (Cr.App. 1978) 582 S.W.2d 105. Prisons ☞ 245(3)

12. Mandamus

Where sentencing judge had granted criminal defendant jail "good time" credit on his sentence to which defendant was not entitled and had released defendant from custody, mandamus rather than prohibition was proper remedy to protect jurisdiction of Court of Criminal Appeals. State ex rel. Vance v. Clawson (Cr.App. 1971) 465 S.W.2d 164, certiorari denied 92 S.Ct. 226, 404 U.S. 910, 30 L.Ed.2d 182, rehearing denied 92 S.Ct. 529, 404 U.S. 996, 30 L.Ed.2d 548. Mandamus ☞ 61; Prohibition ☞ 3(1)

Writ of mandamus would not issue to compel county sheriff's discretionary act of awarding certain good conduct credits to prisoner in county jail. Kopeski v. Martin (Cr.App. 1982) 629 S.W.2d 743. Mandamus ☞ 73(1)

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Probationer had standing to seek relief in mandamus from revocation court's attempt to limit his good time credit, despite fact that good time credit was awarded at sheriff's discretion rather than upon court's direction, where right to good time credit was statutory. In re Cortez (App. 4 Dist. 2004) 143 S.W.3d 265. Mandamus ⚷ 61

A sheriff has no authority to release prisoners in his custody prior to the expiration of sentences imposed; a sheriff may be compelled by mandamus to rearrest prematurely released prisoners and confine such prisoners until their sentences have been finally executed; the sureties on a sheriff's bond are subject to liability for expenses incurred in bringing a mandamus action to direct the sheriff to properly execute the sentences of prisoners legally delivered into his custody. Op.Atty.Gen.1971, No. M-918.

13. Discretion of sheriff

Trial court's order that defendant serve his 180-day jail sentence day for day following revocation of community supervision was unauthorized restriction on sheriff's discretion to award good-time credit; by specifying that defendant serve his sentence day for day, trial court essentially fixed time for discharge of sentence. Jones v. State (App. 1 Dist. 2004) 176 S.W.3d 47. Prisons ⚷ 245(3); Sentencing And Punishment ⚷ 2032

Trial court has no authority to place a limit, by fixing the time for the discharge of a sentence, on the operation of statute providing a sheriff with discretion concerning the granting of good-conduct time. Jones v. State (App. 1 Dist. 2004) 176 S.W.3d 47. Prisons ⚷ 245(2)

Community supervision officer's direction to defendant to report to her by mail did not constitute unauthorized change in court-ordered condition of community supervision requiring defendant to report monthly to officer. Jones v. State (App. 1 Dist. 2004) 176 S.W.3d 47. Sentencing And Punishment ⚷ 1969(3)

Trial court does not have the authority to restrict a sheriff's discretion concerning the granting of good-conduct time. Jones v. State (App. 1 Dist. 2004) 176 S.W.3d 47. Prisons ⚷ 245(2)

For a prisoner in the county jail, only the sheriff has the discretion to determine whether that prisoner is entitled to good time credit. In re Cortez (App. 4 Dist. 2004) 143 S.W.3d 265. Prisons ⚷ 244

Probation revocation order that ex-husband serve 180 calendar days for failure to comply with child support order was not an attempt at restriction by trial court on sheriff's discretion to give good conduct time credit. Ex parte Beaupre (App. 2 Dist. 1996) 915 S.W.2d 228, habeas corpus denied. Prisons ⚷ 245(3)

Trial court lacks authority to restrict sheriff's discretion concerning granting of good conduct time. Bell v. State (App. 14 Dist. 1994) 881 S.W.2d 794, petition for discretionary review refused. Prisons ⚷ 245(2)

Trial court judge has no authority to place limit on sheriff's discretion to give good conduct credit to prisoner in county jail by fixing time for discharge of sentence. Ex parte Hall (App. 5 Dist. 1992) 838 S.W.2d 674. Prisons ⚷ 244

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Sheriff had sole discretion to determine whether contemnor committed to county jail was entitled to good time credit, and any attempt by trial court to prevent sheriff from awarding credit was void. Ex parte Hall (App. 5 Dist. 1992) 838 S.W.2d 674. Prisons ⚷ 245(3)

Vernon's Ann. Texas C. C. P. Art. 42.032, TX CRIM PRO Art. 42.032

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT